# Thomason v. The State.

*Indictment for Selling Spirituous Liquors without License.*

1. *Selling spirituous liquors without revenue license ; sale by physician, or for medical purposes.*—The statute which prohibits the sale of spirituous liquors without a revenue license (Code, § 4204; Sess Acts 1878–9, p. 71) contains no exception of a sale for medicinal purposes by the family physician of the purchaser, who knew that the purchaser's wife was in delicate health ; and if the statute contained such an exception, proof that the purchaser procured the liquor "for the purpose of making camphor, and that it was used in his family," the seller being his family physician, and knowing that his wife was in delicate health, would not bring the case within the exception, it not being shown that the seller

[Thomason v. The State.]

had prescribed the liquor for camphor, or knew the purpose for which it was intended, nor that it was in fact so used.

2. *When appeal lies.*—An appeal can not be taken in a criminal case, when the record does not show that judgment was rendered on the verdict.

From the Circuit Court of Blount.

Tried before the Hon. LEROY F. BOX.

The indictment in this case, which was found at the September term, 1880, contained two counts; the first charging that the defendant, "before the finding of this indictment, sold vinous or spirituous liquors without license, and contrary to law;" and the second, that the defendant, "not having first procured a license as a retailer from the proper legal authority under the revenue law, did sell vinous or spirituous liquors, which was drunk on or about the premises, against the peace," &c. The bill of exceptions states, that the defendant pleaded not guilty, "and trial was thereupon had on both counts contained in the indictment." On the trial, as the bill of exceptions further states, "the State introduced one William Noble as a witness, who testified, in substance, that in said county of Blount, within twelve months before the finding of the indictment, he obtained from defendant some whiskey, a pint or half-pint, and paid him for it. Said witness further testified, in substance, on cross-examination by defendant, that defendant was, at the time witness obtained the liquor from him, a regular practicing physician, and was then the regular family physician of witness; that witness' wife was at the time in delicate health, and this fact was known to defendant as such physician; that he obtained the liquor for the purpose of making camphor, and wanted it for that purpose, and that it was used by his family. On motion of the solicitor, the court excluded from the jury all the evidence above stated, on cross-examination of said witness; and to this action defendant excepted." The record further shows, that the jury returned a verdict of guilty, and assessed a fine of $50 against the defendant. "Whereupon," as the judgment entry recites, "the defendant, with Thomas J. Griffith and Erastus P. Puckett as his sureties, in open court confesses judgment in favor of the State of Alabama, for the said fine of fifty dollars, and the costs of this prosecution; and it is therefore considered by the court, that the State of Alabama, for the use of Blount county, have and recover judgment against the said William L. Thomason, Thomas J. Griffith, and Erastus P. Puckett, for the said fine of fifty dollars and costs of prosecution, by them so confessed; for which let execution issue. But, the defendant having reserved questions of law for the consideration of the Supreme Court, the judgment is suspended, under section 4981 of the Code of 1876," &c.

[Thomason v. The State.]

HAMILL & DICKINSON, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The defendant was indicted under section 4202 of the Code of 1876, as amended December 3d, 1878.—Pamph. Acts, 1878-9, page 71. The only exception reserved was to the refusal of the court to allow the defendant to make certain proof. We think there was no error in this. The testimony offered proved nothing material. The substance of it was, that the seller was a practicing physician, and the family physician of the buyer; "that he [the buyer] obtained the liquor for the purpose of making camphor; that he wanted it for that purpose; that the liquor was used by his family;" and "that the wife of the witness [the buyer] was at the time in delicate health, and this was known to defendant as such physician." We suppose the purpose of this testimony was, to raise the inference that the liquor—a half-pint—was wanted for medicinal use, was so used, and that this was under the sanction and advice of the family physician, who himself made the sale. The statute contains no such exception; and if it did, the testimony would not tend to raise such inference. The testimony fails to affirm that the physician was informed of the use for which it was wanted, and therefore it could not be inferred he prescribed its use, or would have prescribed it, if he had known the purpose of the purchase. Nor does the testimony tend to show that the liquor was used in making camphor. That the liquor "was used by the family," does not conduce to show in what particular form it was used.

There is, however, a defect in the present record, which forbids us to decide this case on the merits. The jury returned a verdict of guilty, but no judgment of the court was pronounced on that verdict. There is, consequently, no final judgment in the court below, which will authorize us to review the rulings. This omission can probably be remedied by judgment *nunc pro tunc.*

Appeal dismissed.