# .Ayers *v.* The State.

### *Indictment for Gaming.*

1. *Charge requested by defendant; when properly refused.*—On the trial of a defendant under an indictment for gaming, containing one count, in which several averments are stated disjunctively, a charge requested by the defendant, instructing the jury, that "the testimony of the witness must be such as to establish the fact to a moral certainty, and beyond all reasonable doubt, that every allegation in the indictment is true," should not be given, although it asserts a legal truism, for the reason that its effect would be to refer it to the jury to ascertain what were the allegations in the indictment.

2. *When judgment in criminal case will not support an appeal.*—Where, on the trial of a misdemeanor, the judgment-entry recites a. verdict of

[Ayers v. The State.]

guilty and the amount of the fine assessed against the defendant by the jury, but fails to show that the court pronounced judgment on the verdict, an appeal will not lie to this court, although the entry contains a judgment confessed by the defendant and his sureties for the fine and costs.

APPEAL from Etowah Circuit Court.

Tried before Hon. LE ROY F. Box.

The indictment in this cause was found at the fall term, 1879, of said court, and contains one count, in which it is charged that before the finding of the indictment, the defendant "bet or hazarded money, to-wit: lawful currency of the United States of America, of a value and denomination to said jurors unknown, or other thing of value, to-wit: poker chips of the value of one cent, at a game played with cards or dice, or some device or substitute for cards or dice, at a tavern, inn or place where spirituous liquors were at the time sold, retailed or given away, or in a public house, highway, or some other public place, or at an out-house where people resort, against the peace and dignity of the State of Alabama." On the trial several questions were propounded by the solicitor to the State's witness, to which the defendant objected, and his objections having been overruled, he duly excepted; but as it is not shown by the bill of exceptions that these questions were answered by the witness, they are omitted from this report. "In answer to a question asked by the solicitor the witness said that the chips [used in a game of cards] may have been worth something." To this answer the defendant objected, and moved to have it excluded from the jury; but his motion was overruled, and he excepted. The jury returned a verdict of guilty, and assessed a fine of fifty dollars. The judgment-entry, after reciting the trial and verdict, proceeds as follows: "And thereupon the defendant, with Reese Gramlin and John M. Sanson as his sureties, in open court confessed judgment in favor of the State of Alabama for said fine of fifty dollars and costs of this prosecution. It is therefore considered by the court that the State of Alabama, for the use of Etowah county, have and recover judgment against the said David Ayers, Reese Gramlin and John M. Sanson for the said fine of fifty dollars and costs of prosecution by them so confessed," etc. Then follows an order suspending execution pending this appeal, on defendant giving bond as required by law. The other facts are stated in the opinion.

(Name of appellant's counsel not shown by the record.)

H. C. TOMPKINS, Attorney-General, for the State.

[Ayers v. The State.].

STONE, J.—The defendant asked the court in writing to charge the jury that "the testimony of the witness must be such as to establish the fact to a moral certainty, and beyond all reasonable doubt, that every allegation in the indictment is true." Only one witness had given criminating evidence. The charge, as asked, asserted a legal truism, yet it should not have been given. This, if for no other reason, because the effect of it would have been to refer it to the jury to ascertain what were the allegations in the indictment. Average juries are poorly qualified to construe pleadings—particularly such pleadings as our Code prescribes. Many indictments under our system may and do contain charges and averments stated disjunctively. The indictment in the present case is one of that class. It charges that the thing bet was one of two classes—that the game played was with cards, dice, or some substitute for cards or dice, and that the game was played at either one or another of some eight named places. All these elemental ingredients of the offense are described either by name, or with few words, and the average non-professional mind would be incapable of comprehending their import. Hence it is, that the law does not authorize the reference to juries of the interpretation of writings. The charge was rightly refused. It is for the court to instruct the jury what *facts* are necessary to be proved, and for them to find, to justify them in rendering a verdict of guilty.

We find no error in the various rulings of the Circuit Court on the admissibility of testimony.

The jury in this case rendered a verdict of guilty, and assessed the fine, but there was no judgment of the court pronounced on that verdict. Appeals lie, not from verdicts, but from judgments rendered. True, there was a judgment confessed for fine and costs, but the appeal is not from that judgment. Errors can not be assigned on confessed judgments. If they could, the contention in the present case would be, not that there was error in finding Ayers guilty, but in rendering judgment against him and his sureties in the confessed judgment. There should have been a judgment of the court pronounced on the verdict of guilty, before there could be an appeal to this court.

There being no judgment of conviction in this case, the appeal must be dismissed.