# Joyner v. The State.

*Indictment for Retailing Spirituous Liquors without License.*

1.    *Appointment of deputy solicitor.*—Under the statute authorizing the appointment of a "competent attorney to act in the solicitor's place," when that officer is absent, or disqualified to act (Code, § 775; Sess. Acts 1878-9, p. 42), the appointment must be made by the court while in session, and must be entered of record; and it can only be proved by the record.

2.    *Solicitor's signature to indictment.*—The legal evidence of the verity of an indictment is its return as a true bill by the grand jury, as shown by the signature of the foreman; and the signature of the solicitor is not essential to its validity.

3.    *Evidence before grand jury; legality and sufficiency of.*—An indictment will be quashed, on motion, when it is shown that the witness before the grand jury, on whose testimony it was found, was sworn by a person who was acting as special solicitor, and whose appointment was void.

4.    *Transfer of cause from Circuit to County Court.*—When an indictment is found in the Circuit Court, and a trial is had under it in the County Court, the transcript should contain a certificate showing the transfer of the cause.

5.    *Charge omitting time and place, and assuming facts as proved.*—A charge which pretermits time and place, or which assumes as fact what only oral testimony tends to prove, is erroneous. .

6.    *When appeal lies.*—In a criminal case, when the record does not show any judgment entered up on the verdict, the appeal will be dismissed by this court *ex mero motu.*

FROM the County Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

The indictment in this case was found in the Circuit Court, at the May term, 1885, and charged that the defendant "sold vinous or spirituous liquors without license, and contrary to law." The case seems to have been transferred to the County Court, though there is in the transcript no certificate of the fact; and a trial was there had before a jury, who returned a verdict of guilty, and assessed a fine of fifty dollars against the defendant. The judgment-entry sets out the verdict, and then adds: "Thereupon, the defendant, together with" three other persons named, "in open court confess a judgment for said fine and costs, and in writing waive the benefit of the exemption laws of the State. It is therefore considered by the court, that the State of Alabama, for the use of Jackson county, have and recover of the defendant and" his said sureties "the said sum of fifty dollars, as by the jury aforesaid assessed, together with the costs in this behalf expended, for which let execution issue; and against this judgment, and the execution to be issued thereon, there is no exemption of personal property of the defendant or his sureties."

Before entering on the trial, the defendant submitted a motion to quash the indictment, "because, although said indictment purports to be signed by H. C. Jones, the solicitor of the circuit, it was not in fact signed by him, or by any one lawfully authorized to sign his name, nor was it submitted to the grand jury by the said solicitor; but, on the contrary, said solicitor was not in attendance upon the court, nor before the grand jury finding the bill, during the sitting thereof. And defendant further says, that one D. W. Speake, an attorney of said court, without being appointed by the court as solicitor *pro tem.*, was before the grand jury during their investigation of said case, swearing the witnesses, and advising the grand jury as to their duties in the case, and counselled the finding of the indictment; that said Speake was acting as the agent or deputy of said Jones, in his absence, and drafted and submitted said indictment to the grand jury; and said Jones, the solicitor, had no knowledge of said indictment, until he found it on the files in this court." On the hearing of this motion, it was shown to the court by a member of the grand jury, the clerk of the Circuit Court, and said D. W. Speake, that the solicitor of the circuit, H. C. Jones, was absent at the term of the court at which the indictment was found; that the presiding judge, beckoning from the bench to Speake, who had been acting as deputy for Jones several months, "told him he would have to act as solicitor;" that Speake did thereupon act as solicitor, swore the witnesses before the grand jury, and signed

29

[Joyner v. The State.]

the solicitor's name to the several indictments found. There was no entry of record showing his appointment, and the defendant objected to the parol evidence offered. On this evidence, the court overruled the motion to quash, and the defendant excepted.

On the trial, one Rudder, a witness for the State, testified that one morning in February, 1885, about day-light, his wife being confined, he was sent by Dr. Graham, the attending physician, to get a pint of whiskey from the defendant, who kept a drug-store; that he went to the house of the defendant, who was then in bed, and got his key, telling him that he wanted to get some whiskey, and that Dr. Graham had sent him for it; that he went to the drug-store, and got a pint of whiskey out of a bottle which he found on a shelf, marked *Spir. Frum.*, and carried it home for his wife; and that this occurred in said county, "within three miles of the Stevenson Hotel." The defendant, testifying as a witness in his own behalf, stated that he would not have let defendant have the key of the drug-store, if he had not said that Dr. Graham sent him; that he frequently let Dr. Graham have the key to fill prescriptions, and that Graham sometimes attended to his business in his absence; and that he knew, at the time he let defendant have the key, that his wife was in labor, and that Dr. Graham was attending on her.

On this evidence, the court gave the following charges to the jury: (1.) "If the jury believe, beyond a reasonable doubt, that the defendant knew Rudder wanted his key to get whiskey, and gave him his key, and Rudder got the whiskey, as shown by the evidence, then the jury must find the defendant guilty." (2.) "The fact that Rudder's wife was sick, and the doctor was at his house, and had sent him after whiskey, can constitute no defense in this case." (3.) "If the jury believe from the evidence, beyond a reasonable doubt, that within twelve months before the finding of the indictment, and within three miles of Stevenson Hotel in said county, the witness Rudder called on defendant for his key, telling him he wanted to get whiskey, and defendant gave him the key, and Rudder got a pint of whiskey from the store; then there was such a selling, or giving, or disposing of the whiskey, as the law forbids." The defendant duly excepted to each of these charges as given.

Wm. L. Martin, for the appellant.

Thos. N. McClellan, Attorney-General, for the State.

[Joyner v. The State.]

STONE, C. J.—Section 775 of the Code of 1876 was amended by the act approved February 13, 1879—Sess. Acts, 42. By the amended section it was provided, that when, from any one of several enumerated causes, there was no solicitor in attendance, or the solicitor was incompetent, or refused to act, the presiding judge "must appoint a competent attorney to act in the solicitor's place." The sections immediately preceding section 775 show on what occasions it was necessary for a solicitor to be present, competent and willing to act, for whose absence, incompetency, or refusal to act, if either occurred, another was to be appointed. It was at a "regular term of the Circuit Court in their circuits," at which he was required to "remain until the business of the State was disposed of;" or at a special term, "held for the trial of persons charged with felony." These were the occasions and happenings when a solicitor was required to be appointed. "In all such cases, the attorney so appointed shall be entitled to all the fees allowed to solicitors, which shall be taxed against the defendant on conviction, and collected in the same manner that solicitor's fees are collected." And by section 773 of the Code it is enacted, that if the solicitor is absent, "a conditional judgment must be rendered against him, for one hundred dollars," &c. All these provisions show, that the appointment of a solicitor, when made under this statute, is made by the judge sitting as a court, and not by the judge at chambers, or while off the bench. He could not, as a mere judge, impose the penalty or forfeiture against the absent solicitor; and in no proper sense could he be called "the presiding judge," unless the court was in session and he presided over it. Presiding judge, *ex vi terminorum*, means a court in session, and a judge presiding. There is, therefore, nothing in the argument, that such appointment is made by the judge, merely as judge, and not by the court. It is the act of the court, and, to be valid, it must appear of record; for courts speak only by their records.

On the principles declared above, Mr. Speake, who acted as prosecuting officer when the indictment in this case was found, was not a solicitor in law or fact, but the mere substitute of Jones, the lawfully chosen solicitor. He was not the appointed solicitor, for there is no legal evidence of his appointment.

It is not essential to the validity of the indictment, that Jones, the regular solicitor, or that any other solicitor, should have prepared or signed it. "An indictment receives its legal efficacy from the finding and return of the grand jury; and the legal evidence of its verity is the return 'a true bill,' apparent upon some part of it, bearing the signature of the foreman." *Holley v. The State*, 75 Ala. 14, and authorities cited:

[Joyner v. The State.]

Section 4773 of the Code, amended by act approved February 23, 1883—Sess. Acts, 158—declares, that "oaths may be administered to witnesses before the grand jury while in session, either by the foreman, or by the solicitor." The testimony given on the motion made to quash the indictment in this case, proves that the only oath to the witness, on whose evidence the indictment was found, was administered by Mr. Speake, the representative of Jones, the solicitor. We have shown above that he was not solicitor; and it follows that he had no authority to administer an oath to the witness. The statements of the witness were not given under the sanction of an oath, and hence the indictment was found without legal evidence. The motion to quash should have prevailed.—*Sparrenberger v. The State*, 53 Ala. 481; *Nixon v. The State*, 68 Ala. 535.

There is an imperfection in this record. The indictment was found in the Circuit Court, and the trial was had in the County Court. The record fails to show how the case got into the latter court. There should have been a certificate corresponding to section 2 of the act to regulate the trial of misdemeanors in Jackson county, approved February 9, 1881 – Sess. Acts, 232—and that certificate should have constituted a part of the record sent to this court.

Charge No. 1, given at the instance of the State, is faulty in several respects. It pretermits time and place, and assumes as fact that Rudder got whiskey from the drug-store, when there was only oral evidence tending to prove it. Whether or not he got the whiskey, was a question for the jury to pass on. Charges 2 and 3 are free from error.

We have considered the questions raised, because they bear on the further progress of this case. We would avoid its return to this court, if we can. The appeal, however, must be dismissed, because no judgment of the court was pronounced on the jury's verdict of guilty. It is from judgments of courts, not verdicts of juries, that appeals lie to this court.

Appeal dismissed.