# Nichols v. The State.

*Indictment for   Carrying   Concealed   Weapon.*

1. *Evidence* —Under an indictment for carrying a weapon concealed about the person there being evidence that at the time and place referred to in the State's evidence the defendant did carry a pistol con-

[Nichols v. The State.]

cealed about his person, it is not competent for him to show that at another place in the vicinity and during the same week he had a pistol which was not concealed.

2. *Same; conclusion of witness.*—On a trial under an indictment for carrying a pistol concealed about the person a witness cannot testify that "the pistol could have been seen by ordinary observation," that being the mere opinion or conclusion of the witness from facts capable of being put before the jury and from which it was their right and duty unaided by the mental processes of the witness, to draw whatever conclusion was justified in the premises.

3. *Charge of court as to reasonable possibility of innocence.*—A charge that "if from the evidence in the case there is a reasonable possibility of the defendant's innocence you should acquit the defendant" is properly refused, since "a reasonable possibility" is, and in the nature of things can be no more or less than a possibility ; and a possibility of innocence does not require and will not justify acquittal.

4. *Appeal in criminal case not supported without judgment of guilt.*—In a prosecution under an indictment for carrying a concealed pistol about the person. where the record shows there was a verdict of guilty, the assessment of a fine by the jury and a recital of confession of judgment for the fine and costs by the defendant and sureties, but there is *no judgment of guilt*, there is no judgment from which an appeal will lie and the appeal will be dismissed.

.From the Circuit Court of Butler.

Tried before the Honorable JOHN R. TYSON.

The defendant was tried under an indictment charging him with carrying a pistol concealed about his person ; the State examined a witness who testified that he was a member of the grand jury for Butler county, and that during the session of the court he met the defendant in the hall-way of the courthouse and shook hands with him. That as defendant stooped forward to shake hands the witness saw a pistol sticking down between the waistband of his pants and his body, on the right side ; that the handle of the pistol was sticking out, but witness did not see it until the defendant stooped to shake hands.

The defendant offered to prove by one of his witnesses that the witness saw the defendant have a pistol at the house of witness during that term of the court and that it was not concealed. The State objected to the introduction of this testimony and the objection being sustained by the court the defendant duly excepted.

While the defendant was being examined on his own behalf and after stating that he had a pistol about his person at the time and place referred to by the State's witness, he was asked the question by his attorney, "could the pistol be seen by ordinary observation ?" The State objected to the question and the ojection being sustained by the court, the defendant duly excepted.

[Nichols v. The State.]

GAMBLE & POWELL, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The inquiry being whether at a given time and place the defendant carried a pistol concealed about his person and there being evidence tending to show that at such time and place he did carry a pistol concealed about his person, he offered to show that at another place in the vicinity, i. e. in the same town, during the same week or rather, "during that term of the court," the defendant had a pistol which was not concealed. This testimony was properly excluded. The fact that the defendant "had a pistol," it not appearing even that he had it "about his person" which was not concealed at one time and place manifestly involves no tendency to show that he did not carry it concealed about his person at a different time and place. All that this testimony tended to prove was that the defendant had in his possession a pistol which may not have been on his person at all. And we are not prepared to say that the testimony would have been evidence even had it gone further and shown that at the time in question the defendant carried the pistol openly about his person, though it probably would have been competent had it identified the time as being just before or just after that to which the State's evidence related, or had it tended to show defendant's habit, covering the time, to carry a pistol openly on his person, th, evidence for the State not being such as to wholly exclude the idea that the weapon was so carried at the time referred to by its witness. .

The court also properly excluded the proposed testimony of the defendant that "the pistol could have been seen by ordinary observation." This was the mere opinion or conclusion of the witness from facts capable of being put before the jury, and from which it was their right and duty, unaided by the mental processes of the witness, to draw whatever conclusion was justified in the premises.

"A reasonable possibility" is, and in the nature of things can be, no more or less than a possibility; and a possibility of innocence does not require and will not justify acquittal. The charge requested by the defendent was well refused. *Sims v. State ante* page 23.

There was a verdict of guilty, the assessment of a fine by the jury, and a recital of confession of judgment for fine and costs by defendant and sureties in this case, but there was no *judgment of guilt.* There was in other words, no

*judgment,* from which an appeal would lie, in the court below. *Ayers v. State,* 71 Ala. 11. This appeal must therefore be dismissed.

Appeal dismissed.