[Wright v. The State.]

# Wright v. The State.

*Indictment for ·Carrying Concealed Weapon.*

1. *When judgment in criminal case will not support an appeal.*—A judgment of a court, to be operative, must be certain and complete in itself, without reference to any thing else by which to ascertain its meaning; and a judgment entry in a criminal case as follows: "The State v. G. W. Charge. C. C. W. Fall Term, 1893. Plea, not guilty. Jury and verdict. Guilty and fined fifty dollars. Judgment confessed with W., F. and E. sureties," is wholly inoperative as a judgment, and will not support an appeal.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

The facts of this case are sufficiently stated in the opinion.

W. F. HOGUE, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—This cause was submitted on a motion by the Attorney-General, to dismiss the appeal upon the ground that the judgment rendered will not support the appeal.

The only entry purporting to be a judgment contained in the record in this case is as follows: "The State vs. Goliath Wright. Charge C. C. W. Fall Term, 1893. Plea not guilty. Jury and verdict. Guilty and fined fifty dollars. Judgment confessed with T. H. Weld, C. W. Ford and W. M. Eiland sureties." It requires neither argument nor citation of authorities to show that this statement is wholly inoperative as a judgment. It appears to be no more than a mere repetition of the entries by the court upon a trial docket—data for the judgment. In *Speed v. Cocke*, 57 Ala. 209, it is said: "The judgment, decree or order of any court to be operative, must be certain, and complete in itself, without reference to anything else by which to ascertain its meaning." Every verdict of a jury should be followed by a judg-

ment of the court. The usual form observed, after the verdict, is, "It is, therefore, considered and adjudged that the defendant is guilty as charged in the indictment," (or not guilty, according to the verdict). We would not be understood as declaring, that it is necessary to observe the form given, but there must be some words to show that there has been a judgment upon the verdict. Where there is a confession of judgment for the fine, or fine and cost, it is equally imperative that a judgment be rendered upon the confession. If the conviction be for a felony, after the defendant has been adjudged guilty, as indicated above, the sentence of the law must be pronounced. This may be done at the time of the rendition of the verdict, after judgment upon verdict, or may be continued to any suitable time during the term. The sentence can be pronounced only in open court, with the defendant present, and should be preceded by enquiring of the defendant if he has anything to say, why the sentence of the law should not be pronounced. The sentence is not the act of the court. It is the judgment of the law, pronounced by the court, and some expressions or words should be used, importing that it is the sentence of the law. This is generally shown by the use of the term, "It is, therefore, considered and adjudged that the defendant," &c., followed by the sentence of the law.—*Gray v. The State*, 55 Ala. 86. We have been thus particular in this case, because of the numerous appeals which have been dismissed out of this court for the reason, that no judgment was rendered sufficient to support the appeal. See the following cases, which were in all respects like the one under consideration : *Nichols v. The State*, 100 Ala. 23 ; *Ayers v. The State*, 71 Ala. 11 ; *Thomas v. The State*, 70 Ala. 20.

The motion of the Attorney-General must be granted, and the appeal dismissed.