# Campbell *v.* The State.

### *Indictment for Larceny.*

1. *Judgment in criminal cases; when not sufficient to support an appeal.*—Where on the trial of a misdemeanor the judgment entry recites a verdict of guilty and the amount of the fine assessed against the defendant by the jury, but fails to show that the court pronounced judgment on such verdict, an appeal will not lie to the Supreme Court from such judgment, although the entry contains a judgment confessed by the defendant and his sureties for the fine and costs; and on motion, an appeal from such judgment is properly dismissed.

APPEAL from the Circuit Court of Dale. Tried before the Hon. A. A. EVANS.

The appellant was indicted, tried and convicted for the larceny of a hog. The judgment entry in the case was in words and figures as follows: "This cause coming on to be heard by the court, came the solicitor, John V. Smith, who prosecutes for the State of Alabama, and the defendant in his own proper person and with counsel, and the defendant being duly arraigned upon said indictment, for his plea thereto, pleads not guilty; and upon issue joined upon said plea, there came a jury of good and lawful men to-wit, G. S. Crim, foreman, and eleven others, who being sworn and empannelled according to law upon their oaths say: We the jury find the defendant guilty, and fix his punishment at hard labor for the county for thirty days, and also assess his fine at one dollar. And now on this the 2d day of March, 1899, the defendant, together with H. Z. Parker and C. J. Rollins come into open court and confess judgment in this cause for the fine and costs in this case, waive their exemptions as to personal property and consent that execution issue. It is therefore ordered and adjudged by the court that the State of Alabama, for the use of Dale county, do have and recover of the defendant and his said sureties the fine and costs in this cause expended, for which let execution issue with a waiver of exemptions as to personal property."

In this court there was made a motion to dismiss the appeal because there was no judgment of conviction, and no sentence of the court shown in the judgment entry.

SOLLIE & KIRKLAND, for appellants.

CHAS. G. BROWN, Attorney-General, for the State, cited *Ayers v. State,* 71 Ala. 11; *Nichols v. State,* 100 Ala. 23; *Bell v. Otts,* 101 Ala. 186.

SHARPE, J.—There was a verdict in this cause finding the defendant guilty and fixing his punishment at hard labor for the county for thirty days and also assessing a fine of one dollar. The record recites a judgment by confession for the fine and costs, but there was no

judgment of conviction pronounced upon the verdict. When there is no judgment of conviction the confessed judgment fails, since it has no foundation to rest upon. *Burke v. State,* 71 Ala. 377. It is only from a judgment of conviction that the statute gives the right of appeal in a criminal case.—Code, § 4313.

The precise question as to whether an appeal lies in a case like the present one was determined negatively in *Ayers v. State,* 71 Ala. 11, and again in *Nichols v. State,* 100 Ala. 23.

For the reasons stated the motion submitted to dismiss the appeal will be granted.

Appeal dismissed.

*Indictment for Larceny.*

