# Marks *v.* The State.

### *Indictment for Assault and Battery.*

1. *Trial and its incidents; sufficiency of judgment of conviction.*
   To constitute a judgment in a criminal case, there must be some words used in the entry to show that there has been an adjudication of the case and a judgment has been pronounced; and, therefore, a minute entry in a prosecution for an assault and battery, reciting "thereupon the court proceeded to hear the cause without the intervention of a jury according to law. And after hearing the same finds the defendant guilty of assault and battery and assessed a fine of $5," is no more than a declaration or statement by the clerk of the action of the court, and is insufficient as a judgment of conviction, and will not support an appeal.

APPEAL from the City Court of Bessemer.
Tried before the Hon. B. C. JONES.
The appellant in this case was prosecuted and convicted in the city court of Bessemer for an assault and battery. The facts of the case are sufficiently stated in the opinion.

TROTTER & ODELL, for appellant.

CHAS. G. BROWN, Attorney-General, for the State. That the record proper in this case shows no judgment of conviction that will support an appeal to the Supreme Court.—*Wright v. State,* 103 Ala. 95; *Ayers v. State,* 71 Ala. 11.

HARALSON, J.—There must be a judgment of conviction to support an appeal in a criminal case.—*Ayers v. State,* 71 Ala. 11.

Here, the defendant pleaded not guilty. The minute entry recited, "Thereupon, the court proceeded to hear the evidence, without the intervention of a jury, according to law. And after hearing the same, finds the defendant guilty of assault and battery, and assessed a fine of $5.00."

This entry partakes more of a statement by the clerk of the action of the court, than of an expression by the court itself of its own action.

There must be some words, in an entry relied on as a judgment in a criminal case, to show that there has been a judgment rendered—certain and complete in itself; and while it is not necessary to adhere to the usual form,—"It is therefore considered and adjudged that the defendant is guilty as charged in the indictment" (or not guilty according to the verdict)—yet, there must be some words employed to show that a judgment by the court has been pronounced on the verdict rendered.—*Wright v. State*, 103 Ala. 95; *Driggers v. State*, 123 Ala. 46.

Here, the only word used to indicate a judgment, following the court's finding, is the word "finds," in the sentence, "And after hearing the evidence [the court] finds the defendant guilty," etc. This is no more than a declaration, that on hearing the evidence the court, trying the case without a jury, finds the defendant guilty. Finding him guilty is what the court did, in the place of a jury, if the case had been so tried. It was the verdict or finding of the court on the facts, which should have been followed by a judgment of conviction. Such finding did not constitute an adjudication of guilt, and is not sufficient to support the appeal taken.

Let the appeal be dismissed.