# Moss *v.* The State.

*Prosecution for Failure to Work Public Road.*

1. *Appeal in criminal case; dismissed when no judgment of conviction shown.*—To authorize an appeal in a criminal case, there must be a judgment of conviction; and when the record dis-

[Moss v. The State.]

closes no adjudication of the guilt of the defendant, but only a recital of the verdict of guilty, which is followed by a confession of judgment, such entry does not constitute a final judgment to support an appeal; and, therefore, such appeal should be dismissed.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

The prosecution in this case was against John P. Moss, for failure to work a public road after being notified.

The judgment entry in the case was in words and figures as follows: "Thereupon came a jury of good and lawful men, to-wit, T. O. Mobley, foreman, and eleven others, who, being legally empannelled and sworn according to law, say upon their oaths, 'We, the jury, find the defendant guilty and assess a fine of one dollar.' And in open court came the defendant, together with A. Q. Armstrong, and confessed judgment for fine and costs and consent that execution may issue. It is thereupon considered and adjudged by the court that the State of Alabama for use of Henry county, recover of the defendant and A. J. Armstrong the said sum of one dollar, the fine so assessed and all the costs for which let execution issue."

Under the opinion of the present appeal, it is unnecessary to set out the facts of the case in detail.

W. L. LEE, for appellant.

MASSEY WILSON, Attorney-General, for the State.

SHARPE, J.—This record discloses no judgment of guilt, but only an entry of what seems to have been intended as a confessed judgment for the fine and costs following upon a mere verdict of guilt. Upon the authority of *Thomason v. State,* 70 Ala. 20, which was referred to approvingly in *Wright v. State,* 103 Ala. 95, it must be held that the entry does not constitute a final judgment such as will support an appeal, and following the course

adopted in Thomason's case, the appeal will be dismissed.

Appeal dismissed.