# Palmer, *et al.* v, The State.

## *Adultery.*

(Decided July 6th, 1910. 53 South. 283.)

1. *Appeal and Error; Judgment to Support; Presumptions.*—A verdict and confession without a judgment will not support an appeal; but where a defendant is sentenced by the court in accordance with a verdict of guilt, as disclosed by the judgment entry, a judgment of guilt is implied that will support an appeal.

2. *Criminal Law; Punishment; Constitutionality of Statute.*—Section 6221, Code 1907 is not unconstitutional because not fixing a maximum fine.

3. *Same; Failure to Charge; Cured by Verdict.*—The failure of the court to charge as to the maximum charge or fine to be imposed is cured by a verdict fixing the lowest fine provided by the statute.

4. *Same; Venue; Evidence.*—The evidence in this case held sufficient to authorize the jury to reasonably infer the offense was committed in the county of the trial.

5. *Trial; Order of Introduction of Evidence.*—Where the state prematurely brought out a conversation between its witness, H. and one S., the error, if any, was cured when the defendant subsequently showed by S. what H. had told him.

6. *Adultery; Punishment; Statute Fixing.*—While section 6221 does not fix a maximum fine to be imposed upon a conviction for living in adultery, the omission is cured by Section 7622, Code 1907.

7. *Same; Evidence.*—The charge of adultery involves cohabitation and continuous association and relations, and hence it is competent to show that one defendant was seen sitting in the lap of the other defendant previous to the indictment, as a circumstance to be considered as to this relationship.

8. *Same; Instructions; Degree of Proof.*—While sexual intercourse need not be proven by direct and positive evidence to authorize a conviction for living in adultery, yet it must be shown beyond a

reasonable doubt, and hence a charge asserting that it is not enough that the evidence cast a suspicion on the defendants, should have been given.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Hez Palmer and Jennie Langston were convicted of living in adultery, and they appeal. Dismissed as to defendant Langston, and reversed and remanded as to defendant Palmer.

The following charges were refused to the defendants.

"(2) I charge you that it is not sufficient that the evidence should cast a suspicion upon the defendants, but it must be shown beyond a reasonable doubt that they had sexual intercourse."

"(5) I charge you that you should not consider the evidence of Jasper Hallmark that he saw Jennie Langston sitting in Hez Palmer's lap two years ago last February."

A. F. FITE, for the appellants. There is no judgment entry or other entry to support the sentence and confession.—71 Ala. 11; 78 Ala. 448; 100 Ala. 23; 103 Ala. 96; 124 Ala. 90; 131 Ala. 44; 40 So. 658; 41 So. 672; 123 Ala. 74. Section 6221 Code 1907 fixes no maximum punishment, and is therefore violative of Sec. 15 Constitution 1901. Counsel discuss other assignments, but without citation of authorities.

ALEXANDER M. GARBER, Attorney General, for the State. If the judgment entry is not sufficient to support a sentence, it will not support an appeal.—70 Ala. 20; 110 Ala. 43. The wife was not a competent witness. —76 Ala. 35; 105 Ala. 100. The evidence of venue was sufficient to authorize the jury to find that the offense was committed in Marion county.

ANDERSON, J.—A verdict and confession without a judgment of guilt by the court will not support an appeal.—*Ayers v. State,* 71 Ala. 11; *Joyner v. State,* 78 Ala. 448; *Nichols v. State,* 100 Ala. 23, 14 South. 539; *Wright v. State,* 103 Ala. 96, 15 South. 506; *Bridges v. State,* 124 Ala. 90, 27 South. 474; *Marks v. State,* 131 Ala. 44, 31 South. 18; *Mayers v. State,* 147 Ala. 687, 40 South. 658; *Collins v. State,* 148 Ala. 667, 41 South. 672. When, however, there is a sentence by the trial court in compliance with the verdict of guilty, as disclosed by the judgment entry, there is implied a judgment of guilt, and the judgment of conviction is shown to be sufficient.—*Talbert v. State,* 140 Ala. 96, 37 South. 78, and cases there cited. The court sentenced Hez Palmer, one of the appellants, and the judgment as to him was sufficient to support an appeal. There was no judgment of guilt and no sentence as to Jennie Langston, and her appeal must be dismissed.

The statute (section 6221, Code 1907) is not violative of the Constitution because it does not fix a limit on the fine.—12 Cyc. 966, and cases cited in notes 9 and 10. Moreover, section 7622 of the Code of 1907 fixes a fine at not more than $500 in all misdemeanors when the punishment is not particularly specified in the Code. The judge in the oral charge should have limited the jury to a maximum fine of $500, but the verdict of the jury cured the error, as they assessed the lowest fine authorized by the statute.

There was evidence from which the jury could infer that the offense was committed in Marion county. The trial was had in said county and a state witness testified that they then lived in the county, and the proof showed that they had been seen together at their respective homes, and that they had not moved into or

from another or other counties during the period covering their alleged illicit relations.

There was no error in permitting the witness·Hallmark to testify on redirect as to the conversation he had with Monteray Sanderson. The defendant had attempted to show one to his discredit on cross-examination and he had the right to explain what he did say and defendant also showed by the witness Sanderson what Hallmark told him, and which made this evidence, prematurely brought out, competent.

The charge against defendants involved a cohabitation and continuous association and relations, and the state had the right to show that one of the defendants was seen sitting in the lap of the other one previous to the indictment, and which was a circumstance to be considered as to this relationship with each other. Charge 5 requested by the defendants was properly refused.

Charge 2, requested by the defendants, should have been given. It asserts the law. It is true sexual intercourse need not be proven by direct or positive evidence, but it must be shown beyond a reasonable doubt and which is all that the charge requires of the state. It is not misleading, but asserts an elementary principle of law.

Appeal dismissed as to Jennie Langston, and the judgment against Hez Palmer is reversed and the cause is remanded.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.