# Perry *v.* The State.

*Assault and Battery.*

(Decided May 16, 1912. Rehearing denied May 28, 1912.
59 South. 230.)

*Appeal and Error; Judgment; Necessity.*—Where the record shows a conviction and the assessment by the jury of a fine and a confession of judgment by accused, and his sureties, but does not show the entry of a judgment of conviction on the verdict, the appeal cannot be sustained.

APPEAL from Russell Circuit Court.

Heard before Hon. MIKE SOLLIE.

William Perry was convicted of an assault and battery, and he appeals. Appeal dismissed.

GLENN & DE GRAFFENRIED, for appellant. Counsel discuss the merits of the case with citation of author-

ity, and on rehearing they insist that the matters set up therein should induce the court to grant the rehearing upon authority of.—*Morgan v. Jones,* 48 Ala. 250.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The appeal should be dismissed because no judgment was shown.—71 Ala. 11; *Marks v. The State,* 131 Ala. 44.

PELHAM, J.—The record in this case shows a conviction and a fine of $5 assessed by the jury against the defendant for an assault and battery. It also shows a confession of judgment by the defendant and his sureties, but fails to show that a judgment of conviction was entered by the court on the verdict of guilty. The appeal is not from the judgment confessed for fine and costs, and there is no judgment of guilt pronounced by the court on the verdict from which an appeal will lie, and, as has been so often held by the Supreme Court, the appeal must be dismissed because there is no judgment of conviction that will support an appeal.—*Ayres v. State,* 71 Ala. 11; *Nichols v. State,* 100 Ala. 23, 14 South. 539; *Wright v. State,* 103 Ala. 95, 15 South. 506; *Campbell v. State,* 123 Ala. 72, 26 South. 224; *Bridges v. State,* 124 Ala. 44, 31 South. 18; *Moss v. State,* 140 Ala. 199, 37 South. 156.

Appeal dismissed.