## Thomas *v.* The State.

### *Violating Prohibition Law.*

(Decided February 4, 1915. Rehearing denied April 6, 1915. 68 South. 524.)

1. *Appeal and Error; Judgment; Sufficiency.*—Where there was a verdict of guilt, and a sentence in accordance therewith, a judgment of guilt is implied sufficient to support an appeal.

2. *Same; Review; Exceptions.*—Unless the record affirmatively shows that the evidence was objected to and that the ruling thereon was excepted to at the time, the court will not review the question of the admissibility of such evidence.

3. *Same; Record; General Charge.*—Where it does not appear that the ommission of the evidence to show that the offense was committed within the county, and within twelve months before the bringing of the prosecution, was called to the attention of the court, such failure in the evidence will not authorize a reversal on the court's failure to give the affirmative charge.

4. *Trial; Reception of Evidence; Objection.*—Where the answer is responsive, it will not be stricken unless the question was objected to, which elicited such answer.

5. *Charge of Court; Directing Verdict.*—Where the evidence, if believed beyond a reasonable doubt, was sufficient to sustain a conviction, the defendant was not entitled to a directed verdict.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Will Thomas was convicted of violating the prohibition law, and he appeals. Affirmed.

M. A. OWEN and M. S. CARMICHAEL, for appellant. The judgment is void, and the appeal should be dismissed, and the defendant discharged.—*Moss v. The State,* 140 Ala. 199. Counsel discuss other assignments of error, but they cite not authority in support thereof.

[Thomas v. The State.]

W. L. MARTIN, Attorney General and J. P. MUDD, Assistant Attorney General.

THOMAS, J.—"A verdict and confession without a judgment of guilt by the court will not support an appeal. When, however, there is a sentence by the trial court in compliance with the verdict of guilty, as disclosed by the judgment entry here, there is implied a judgment of guilt, and the judgment of conviction is, consequently, shown to be sufficient to support an appeal." Hence, there is no merit in the suggestion that the appeal here should be dismissed.—*Palmer v. State,* 168 Ala, 126, 53 South. 283, and cases there cited.

Before appellate courts will review questions as to the admissibility of evidence, the record must affirmatively show that the evidence was objected to and the ruling excepted to at the time of the trial. Objections, without exceptions, present no questions for review on appeal.—*Washington v. State,* 155 Ala. 2, 46 South. 778; *Reese v. Gresham,* 29 Ala. 91; *Transportation Co. v. Kavanaugh,* 101 Ala. 1, 13 South. 283; *Walker v. State,* 117 Ala. 85, 23 South. 670.

The record here abounds in objections, but is without exceptions to the rulings of the court on evidence, except in three particulars, where, in each instance, the defendant excepted to the action of the court in refusing to exclude on motion the answers of witnesses that were drawn out by questions from the solicitor. When answers are responsive to the questions, the trial court will not be put in error for overruling a motion to exclude the answers, unless it appears that the party complaining objected to the questions before answers were made; since the law does not permit a party to speculate on the answers of witnesses by withholding objections, and then when such answers turn out unfavorable

have them excluded on motion.—*Downey v. State,* 115 Ala. 108, 22 South. 479; *Ellis v. State,* 105 Ala. 72, 17 South. 119; *Washington v. State,* 106 Ala. 58, 17 South. 546.

Here, one of the three answers excepted to was in response to a direct question propounded to the defendant by the solicitor, asking him if he had not been previously convicted of a similar offense to that here charged. There was no objection or exception whatever to the question. Consequently, the objection and exception to the answer, which was to the effect that he had, can, under the rule stated, avail nothing. The other two exceptions to the action of the court in refusing defendant's motions to exclude answers were based upon the grounds that the sales testified to were not shown to have taken place in Coffee county within 12 months before the finding of the indictment, and are clearly without merit. The indictment was found on March 19, 1914, and the trial had on March 25, 1914. The state's witness Jess Liptrot, whose testimony motion was so made to exclude, testified that he bought some liquor from defendant about two months or a month before Christmas at George Ward's house on Lewis Prestwood's place, and the witness Eagan testified that that place was in Coffee county. The state's witness Frank Thomas, whose testimony motion was also so made to exclude, testified that he bought some liquor from defendant at defendant's house on the Bony Berry place in Coffee county about three weeks or a month before the trial. In each instance, therefore, it appears that the grounds of the motion were without basis in fact.

As there was ample evidence which, if believed by the jury beyond a reasonable doubt, would authorize them in convicting the defendant, the court committed no error in refusing the general affirmative charge requested by defendant.

[Harrison v. The State.]

The defendant's counsel insists that the charge should have been given because the evidence fails to show, he contends, that the offense was committed in Coffee county within 12 months before the finding of the indictment. There is no merit, we think, in the contention; but even if there were, it is unavailing, as it does not appear that the omission in evidence was called to the attention of the trial court as required by the new rules of the Supreme Court.—*Hendrix v. State,* 11 Ala. App. 207, 65 South. 682.

We find no error in the record, as to the only questions presented for review, and the judgment of conviction is accordingly affirmed.

Affirmed.