(108 So. 74)

**BUFORD v. STATE. (6 Div. 612.)**

(Supreme Court of Alabama. March 18, 1926. Rehearing Denied April 22, 1926.)

1. **Criminal law ⬳995(2)—That no judgment was pronounced on trial of defendant's plea of infancy held not ground for complaint, where record showed that defendant was tried and convicted on next day on his plea of not guilty, on which judgment of guilt was pronounced and sentence passed in strict accordance with law (Code 1923, § 5411).**

That no judgment was pronounced on trial of defendant's plea, under Code 1923, § 5411, that he was under 16 years of age at time of alleged offense, *held* not ground for complaint that court's jurisdiction to pronounce guilt and sentence of law did not appear, where record showed that on next succeeding day defendant was arraigned, pleaded not guilty, and was convicted by verdict of jury, on which judgment of guilt was pronounced and sentence passed in strict accordance with law.

2. **Criminal law ⬳1137(2)—Defendant cannot complain that case was tried piecemeal, where it was done at his instance.**

Defendant cannot complain that his plea that he was under 16 years of age at time of alleged offense was tried separately from his plea of not guilty, where it was done at his instance.

Certiorari to Court of Appeals.

Petition of Mitchell Buford for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Buford v. State, 108 So. 74. Writ denied.

W. Emmett Perry and A. L. King, both of Birmingham, for petitioner.

The judgment entry must show a judgment by the court upon a plea in abatement. Dominick v. State, 40 Ala. 680, 91 Am. Dec. 496; Wright v. State, 15 So. 506, 103 Ala. 95; Tucker v. State, 44 So. 587, 152 Ala. 1; Foster v. State, 39 Ala. 229.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The judgment entry responds to the issues, and is sufficient. Jackson v. State, 37 So. 920, 142 Ala. 55; Dannelley v. State, 30 So. 452, 130 Ala. 132; Baker v. State, 95 So. 467, 209 Ala. 143.

PER CURIAM. Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

On Rehearing.

SAYRE, J. [1, 2] This was an appeal to the Court of Appeals on the record in a criminal case. There was no bill of exceptions. Defendant was charged with carnal knowledge of a girl over 12, and under 16, years of age. A minute entry of the circuit court shows that a trial was had upon defendant's plea that "he was under 16 years of age at the time of the alleged offense," and that the issue so made was found in favor of the state. But on that verdict no judgment was pronounced. The section of the Criminal Code under which defendant was indicted (section 5411 of the Code of 1923) provides in conclusion that "this section, however, shall not apply to boys under sixteen years of age." The record further shows that on the next succeeding day defendant was arraigned, pleaded not guilty, and was convicted by the verdict of a jury. On this verdict judgment of guilt was pronounced and sentence passed in strict accordance with law as ascertained and established by the decisions of this court. Wright v. State, 15 So. 506, 103 Ala. 95. The complaint now is that the judgment entry showing the first trial fails to disclose a proper judgment, and is void.

We would find no difficulty in agreeing with defendant that a reversal should be ordered, if the judgment of which he complains constituted the only adjudication of guilt to be found in the record. Defendant's plea on which the first trial was had was in legal effect a special plea of not guilty, i. e., it denied one fact necessary to guilt, thereby, perhaps, conceding all else. But on the next day the rest of the charge against defendant was tried with a like result. For aught shown by the record, defendant had a second opportunity to deny that he was over 16 years of age at the time of the offense charged, and, wheth-

er so or not, he cannot be heard to complain that, at his instance, the case was tried by piecemeal. If both verdicts had been shown by one judgment, as they might well have been, there could be no just ground of complaint that the jurisdiction of the court to pronounce guilt and sentence of the law does not appear. That they were separately noted on the minutes of the court can make no possible difference.

The application is denied.