208 So.2d 807

Marvin Wayne **MILLER**

v.

**STATE.**

8 Div. 151.

Court of Appeals of Alabama.

March 19, 1968.

23, 1967, is the expression, "Jury and verdict of guilty and fine of $100.00."

 The Limestone County Court is a court of record. § 1, Act No. 199, Local Acts 1947, page 113. Section 5 of that act provides that the practice and procedure in said court shall conform in all respects to that prevailing in the circuit court.

From aught that appears, the defendant stands as though he had never been finally adjudged guilty and sentenced. Without a valid judgment of conviction, there can be no appeal. Ex parte Loyd, 275 Ala. 416, 155 So.2d 519; Moss v. State, 140 Ala. 199, 37 So. 156; Perry v. State, 4 Ala.App. 70, 59 So. 230.

Motion granted; appeal dismissed.

Bruce Sherrill, Athens, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal purports to come from a judgment of conviction in the Criminal Division of the Limestone County Court. Agreeably with Code 1940, T. 7, § 767, the clerk of that court has certified "a complete record of the proceedings."

The State has moved to dismiss the appeal on the ground that the record fails to contain a final judgment.

On the fifth unnumbered sheet of the transcript of the record, there is set forth a chronological set of directions by the trial judge to the clerk for the making up of minute entries of the progress of the cause. This sheet, by definition, is an informal "docket" called the judge's bench notes.[1] State v. Griffin, 281 Ala. 227, 201 So.2d 100. Listed under the date of May

---

1. Compare "bench docket" in Pittsburgh, C., C. & St. L. Ry. Co. v. Johnson, 49 Ind.App. 126, 93 N.E. 683, 95 N.E. 610.