214 So.2d 420

Lehman Silas ELLIOTT

v.

STATE of Alabama.

7 Div. 765.

Supreme Court of Alabama.

Sept. 19, 1968.

**68**

Lehman Silas Elliott, pro se.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was indicted for murder in the first degree by a grand jury impaneled in the circuit court of St. Clair County (Pell City Division). He was represented by three attorneys, residents of St. Clair County, who were appointed by the trial court, after it was ascertained that the defendant was an indigent and unable to employ counsel.

Defendant, on arraignment before the circuit court, entered pleas of "not guilty" and "not guilty by reason of insanity." Thereafter, he withdrew these pleas and entered a plea of guilty to second degree murder.

The jury heard some evidence as to the circumstances and details of the homicide for which the defendant was indicted. They returned a verdict of guilty of murder in the second degree and fixed defendant's punishment at imprisonment in the penitentiary for a period of thirty years. This verdict was in harmony with the recommendation of the district attorney and approved by defendant's counsel.

There was no formal judgment of guilt or fixation of punishment entered on the minutes of the court, but the bench notes of the trial judge appear in the transcript before us. The verdict was returned in open court, in the presence of the defendant on December 14, 1965. The trial court, after first asking the defendant if he had anything to say why the sentence should not be pronounced, and receiving no answer, sentenced the defendant to a term of thirty years in the penitentiary, with the further recommendation (in accordance with the verdict of the jury) that he "not be considered or allowed a pardon or parole." It is to be noted that the transcript shows that the jury found the defendant guilty of murder in the second degree and fixed his punishment at thirty years imprisonment in the penitentiary.    .

Even though no formal judgment of guilt appears on the minutes, there appears a sentence by the trial court in compliance with the verdict of guilt. It follows that an implied judgment of guilt results, which will support an appeal. Palmer v. State, 168 Ala. 124, 53 So. 283. The opinion of the court was written by Justice Anderson, with concurrences on the part of Justices McClellan, Mayfield and Sayre. See, also, Ex parte Roberson, 123 Ala. 103, 26 So. 645, 82 Am.St.Rep. 107; Shirley v. State, 144 Ala. 35, 40 So. 269(1); Talbert v. State, 140 Ala. 96, 37 So. 78; Driggers v. State, 123 Ala. 46, 26

So. 512; Wilkinson v. State, 106 Ala. 23, 17 So. 458; (for correct form of judgment see Wright v. State, 103 Ala. 95, 15 So. 506); Stanfield v. State, 3 Ala.App. 54, 57 So. 402(3); Thomas v. State, 12 Ala.App. 278, 68 So. 524, cert. den. 192 Ala. 690, 68 So. 1020.

In Palmer v. State, supra, this court observed that a verdict and confession without a judgment of guilt by the court will not support an appeal. Citing: Ayers v. State, 71 Ala. 11; Joyner v. State, 78 Ala. 448; Nichols v. State, 100 Ala. 23, 14 So. 539; Wright v. State, 103 Ala. 96, 15 So. 506; Bridges v. State, 124 Ala. 90, 27 So. 474; Marks v. State, 131 Ala. 44, 31 So. 18; Mayers v. State, 147 Ala. 687, 40 So. 658; Collins v. State, 148 Ala. 667, 41 So. 672. Continuing in the same paragraph in Palmer v. State, supra, the court further observed: "When, however, there is a sentence by the trial court in compliance with the verdict of guilty, as disclosed by the judgment entry, there is implied a judgment of guilt, and the judgment of conviction is shown to be sufficient." Then is cited Talbert v. State, supra.

We may also cite the following cases which hold that a judgment of guilt is necessary to sustain an appeal. Campbell v. State, 123 Ala. 72, 26 So. 224; Vick v. State, 156 Ala. 699, 46 So. 566; Ex parte Loyd, 275 Ala. 416, 155 So.2d 519(3).

■ Thus, we may observe that either a formal judgment of guilt, or an implied judgment to the same effect, will support an appeal.

We think it here pertinent to quote Justice Tyson, speaking for the court in Driggers v. State, supra, as follows:

"The judgment entry in all criminal cases where there is conviction should recite in express words that the defendant is adjudged guilty by the court as found by the jury. There should always be the judgment of the court upon his guilt. In many cases the judgment entries in this respect are faulty, and more attention should be paid by the clerks and judges of *nisi prius* courts to this important feature. The essential requisites which such judgment entries should contain have been so often pointed out and suggested by this court it would seem that every clerk and judge in the State would know what they are. And it would seem that a compliance with these suggestions is a matter so simple that all errors in this respect could easily be avoided. Besides it is a matter of too much importance, and a duty too clearly imposed by law, that the mistake should so frequently occur. It can be accounted for upon no other theory than that the clerk who writes the minute entry is either incompetent or very careless in the discharge of his duties, and the presiding judge fails to read or have the minutes read as he is required by the statute to do."

■ The appellant declined appointment of counsel by the circuit court of St. Clair County to represent him on this appeal, but insisted that this court appoint counsel who were not residents of St. Clair County. The motion to make such appointment was overruled by this court. Therefore, appellant is without counsel on this appeal

We will consider all questions apparent on the record or reserved by the transcript of the testimony. It is our duty to review the record and the testimony for errors. Section 389, Title 15, Recompiled Code of 1958.

Appellant contends pro se that he was not granted a speedy trial in compliance with Section 6 of the Constitution of Alabama, 1901, and with Amendment VI of the Constitution of the United States.

The transcript shows that an indictment against appellant for the crime here under consideration was returned by the grand jury of St. Slair County on March 9, 1965, and subsequently another indictment

by a like grand jury of said county for the same offense was returned on September 27, 1965. The transcript does not show what disposition was made of the first indictment, although motion was made to quash the same. Defendant entered his plea of guilty to murder in the second degree as was charged in the indictment. The transcript fails to show to which indictment the defendant entered his plea of guilty.

■ In Ex parte State, 255 Ala. 443, 52 So.2d 158(5), is the following:

"It is said in 16 Corpus Juris 442, and 22 Corpus Juris Secundum, Criminal Law, § 469, p. 719, that in some states it has been held not to be incumbent upon the defendant to demand a trial at any time in order to entitle him to be discharged on account of failure to accord a speedy trial. But the majority view is that a demand for a trial or objection to the postponement of the trial, or some other effort to secure a speedy trial on the part of the accused, ordinarily must be affirmatively shown to entitle him to a discharge on the ground of delay. Frankel v. Woodrough, supra [8 Cir., 7 F.2d 796]; Phillips v. United States, 8 Cir., 201 F. 259, 262; Worthington v. United States, 7 Cir., 1 F.2d 154."

■ The record fails to show that defendant took any affirmative action to get a speedy trial, or made complaint about delay. Our opinion is that the length of time elapsing between the first indictment, without regard to the second indictment, was not an unreasonable delay to the prejudice of appellant. The time following the second indictment was very short. We are not informed as to why a second indictment was necessary. We do not think appellant suffered any infringement of his constitutional right to a speedy trial.

Appellant here complains pro se that he requested the service of an attorney to represent him at the preliminary trial. He says his request was ignored. We find that he did not have an attorney, but there is some evidence that he elected to provide his own attorney, but failed to do so. Defendant did not testify at the preliminary.

■ We hold that he was not prejudiced by the magistrate's omission to provide requested counsel. There is nothing in the transcript that indicates prejudicial use by the state of any evidence adduced at the preliminary trial. No confession was offered at the main trial. The evidence at the latter trial was adduced after the plea of guilty was entered, and it pertained solely to the res gestae, free of any statement made by the defendant as a part thereof.

We have examined the transcript in our search for prejudicial error and find none. The implied judgment of conviction is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.