## OOTON v. THE STATE.

1. Although the 22d section of the 8th chapter of the Penal Code, requires the court to sentence a convict who fails to pay the fine and costs, to the county jail for a definite time; yet, if the court fails to render such judgment, and in lieu thereof, directs that he " remain in custody until the fine and costs are paid," he cannot object on error, to the regularity of the judgment, as it is more beneficial to him than the law requires, and he may obtain a discharge from imprisonment upon taking the oath provided for insolvent debtors.

Writ of Error to the Circuit Court of Shelby.

The plaintiff in error, was indicted for malicious mischief in killing a bay filly, the property of Richard Booth, of the value of fifty dollars. To the indictment the defendant pleaded *not guilty,* and on that plea the cause was tried. The jury returned a verdict of guilty; that the filly mentioned in the indictment, was the property of Richard Booth, and assessed the fine at one hundred and seventy-five dollars, which was five fold her value. A judgment was rendered as follows: " It is therefore considered by the court, that the State of Alabama recover of the defendant, the fine aforesaid assessed, for the use of said Richard Booth, together with the costs of this prosecution, and that defendant remain in custody, until the fine and costs are paid : and it is further ordered and adjudged by the court, that the said Washington Ooton, the defendant, be confined in the common jail of the county of Shelby, for the space of thirty days, and the sheriff of Shelby county, be charged with the execution of this order."

Moody, for the plaintiff in error.

Attorney General, for the State.

Ooton v. The State.

COLLIER, C. J.—The fifth section of the fourth chapter of the act "regulating punishments under the Penitentiary system," enacts that a person guilty of the offence with which the defendant was charged, shall, on conviction, be fined in a sum equal to five fold the value of the property injured or destroyed, and shall be imprisoned in the county jail for a term not exceeding six months. By the 22d section of the 8th chapter of the same act, it is enacted, that "in all cases punishable by fine only, or fine and imprisonment in the county jail, when the fine assessed, together with all costs, are not paid, it shall be the duty of the court to sentence the convict to the county jail, for a term not less than ten days; and when the fine is as much as fifty, and not exceeding one hundred dollars, the commitment shall be for the period of thirty days; when as much as an hundred and not exceeding two hundred dollars, the commitment shall be for sixty days, &c; and in all cases, the judgment of the court shall not only direct the imprisonment of the convict for a term certain, but shall also direct his confinement till the fine and costs are paid."

The judgment in the present case is for the fine assessed by the jury, and thirty days imprisonment as a punishment for the offence. This, it is conceded, is regular, but it is insisted that the term of imprisonment inflicted by the statute for the non-payment of the fine, was not imposed by the court, and the defendant is directed to remain in custody until the fine and costs are paid. The defendant cannot object to the regularity of the judgment; for instead of injuriously affecting his legal rights, it is certainly more beneficial to him than the law authorises. For the non-payment of the fine he should have been imprisoned sixty days; but the judgment omits this infliction, and merely directs him to continue in custody until the fine and costs are paid, a punishment from which he may release himself by taking the insolvent oath, under "the rules and restrictions applicable to other debtors." [See act of 1821, Aik. Dig. 230.]

The omission of the circuit court to inflict all the punishment required by law, has not prejudiced the defendant, and as it is not allowable for one to insist upon an error in his favor, he cannot avail himself of it; consequently the judgment must be affirmed.

CLAY, J. not sitting.