THE STATE, Respondent, v. APPLING, Appellant.

1. The utterance in public of words grossly obscene, in such a manner as to outrage decency and be injurious to public morals, though not an open and notorious act of public indecency within the statute, is a misdemeanor at common law and punishable as such.

*Appeal from Laclede Circuit Court.*

*F. P. Wright*, for appellant.

The indictment is bad.   Merely using vulgar and obscene words is not indictable under the statute.   To constitute the offence there must be some open and notorious act of public

indecency.   But if the mere use of language is sufficient, the indictment is still bad.   Neither charge is sufficiently laid. Dameron v. The State, 8 Mo. 496.)

*Ewing*, (attorney general,) for the State.

I.  The offence charged is within the intention and mischief of the statute, and a reasonable construction of the law embraces the offence charged within its provisions consistently with the rule that penal statutes are to be strictly construed. The intent of the legislature in the construction of penal statutes is not to be disregarded.   (Smith's Commentaries, 840–3.)   But if the offence charged is not indictable under the statute, it is at common law.   (4 Black. Com. 64 ; 1 Russell on Crimes, 4, 5, 6 ; Wharton's Crim. Law, 805 ; Bell v. State, 1 Swan, 42 ; Gingham & Ligan v. State, 2 Yerg. 589 ; Commonwealth v. Sharpless, 2 Serg. & Raw. 91 ; Barker v. Commonwealth, 19 Penn. 412.)

RYLAND, Judge, delivered the opinion of the court.

The only question in this case is raised upon the indictment.   The defendant was convicted and judgment rendered against him for the fine ; he moved in arrest of judgment ; his motion being overruled, he appealed to this court.   The indictment is not good under any of the provisions in our criminal code ; but we consider the offence therein charged to be an offence indictable at common law, and that the indictment is good as a common law indictment.   The charge is " that the defendant did on the 25th of August, A. D. 1856, at the county of Laclede, in a certain large assembly of males and females in said county, and in the hearing of said assembly of persons, unlawfully, wickedly and scandalously use vulgar, obscene and indecent language, by then and there asking some of the males, &c., [here the questions are inserted in the indictment, which are too vulgar to be inserted in this opinion,] and was then and there guilty of open and notorious acts of public indecency, grossly scandalous, to the

manifest corruption of the morals of said assembly, contrary," &c.

We have no statute punishing a person for the use of vulgar, indecent and obscene words in public. There has not been an attempt to legislate on this particular offence. It was an offence at common law, because it was against good morals—against public decency. Russell, in his Treatise on Crimes, (1 vol. p. 46,) says : "And it seems to be an established principle that whatever openly outrages decency and is injurious to public morals is a misdemeanor at common law." "The common law," said Judge White, in the case of Gresham & Ligan v. The State, 2 Yerger, "is the guardian of the morals of the people and their protection against offences notoriously against public decency and good morals." Blackstone lays it down that "any grossly scandalous and public indecency is indictable and punishable in the temporal courts by fine and imprisonment." (4 Black. Com. 41.) It was held in the case of Bell v. The State, 1 Swan, 42, that "the utterance of obscene words in public, being a gross violation of public decency and good morals, is indictable ; and in a prosecution for the utterance of obscene language in public, it is not necessary that the words should be proven exactly as charged to have been spoken. Many cases have been held indictable as being *contra bonos mores*." (4 Black. Com. 41.) "All indecent exposure of one's person to the public view, and it may be laid down in equal terms that all such acts and conduct as are of a nature to corrupt the public morals or to outrage the sense of public decency are indictable, whether committed by *words* or acts." (4 Black. Com. 65, note.)

Our respect for the chastity of the records of our court will not suffer the outrageously vulgar words that were spoken and sung by the defendant in this case, in the hearing of both males and females, to be put on the records. But we have never had to examine the records of our inferior tribunals to find words more shocking to one's sense of decency than those charged and proved in this case. Tilghman, C.

21—VOL. XXV.

J., in the Commonwealth v. Sharpless, 2 S. & R. 101, said:
" That actions of *public indecency* were always indictable as
tending to corrupt the public morals, I have no doubt. What
tended to corrupt society was held to be a breach of the
peace and punishable by indictment. The courts are guar-
dians of the public morals, and therefore have jurisdiction in
such cases. Hence it follows that an offence may be pun-
ishable if in its nature and by its example it tends to the
corruption of morals, although it be not committed in pub-
lic. (Barker et al. v. Commonwealth, 19 Penn. 412.) The
offence charged in this indictment, being an offence against
public morals and decency, was indictable as such at com-
mon law, and is indictable with us as a common law offence.
We consider the indictment sufficiently good, and that the
court did not commit error in refusing to grant a trial, or in
refusing to arrest the judgment. Judge Scott concurring,
the judgment is affirmed.