# Goree *v.* The State.

### *Indictment for Public Profane Swearing.*

1. *Public profane swearing indictable at common law.*—Public profane swearing, when it takes such form, and is uttered under such circumstances as to constitute a public nuisance, is an indictable offense under the common law; but the single utterance of a profane word is not *per se* indictable, at least when not spoken in a loud voice, or with repetitions.

2. *Same.*—It is not necessary to make out the offense of public profane swearing, that the language used should be heard by a large portion of the community; but it is sufficient, if three or four persons were present and heard the words uttered.

3. *Same; sufficiency of indictment.*—Public profane swearing being a common law offense, and no form of indictment being prescribed by the Code, the indictment must aver every material constituent of the offense, time and venue alone being excepted.

4. *Same; when indictment insufficient.*—An indictment for such offense which fails to charge that the profane words were uttered in the presence or hearing of any one, but merely that they were *publicly* uttered, is insufficient. "According to the best approved precedents, the language is usually charged as having been uttered in the presence and hearing of divers persons, citizens or subjects, as the case may be."

APPEAL from Choctaw Circuit Court.

Tried before Hon. HARRY T. TOULMIN.

The defendant was indicted at the spring term, 1881, of said court for public profane swearing, and was at the succeeding term tried and convicted. The indictment is set out in the opinion. On the trial, had upon the plea of not guilty, the evidence tended to show that the defendant used the profane language averred in the indictment within a few yards of a public road and near a church, a short while after services had been had at the church, and after the congregation had dispersed; that he repeated the profane language several times "in a conversational tone," and that no one was present and heard the language except four named persons. The court in its general charge, after defining profane swearing, instructed

[Goree v. The State.]

the jury, that "if such profane swearing was used in the presence of a number of persons, three or more, then and there assembled, it would be public profanity." To this portion of the charge the defendant excepted. The defendant asked the court in writing to charge the jury, "that before they can find the defendant guilty, they must believe from the evidence that the act charged was committed before a large portion of the people in the community in which the act was done." This charge the court refused to give, and the defendant excepted.

W. F. GLOVER, for appellant.—(1) We der've our common law from that of England, which consists of rules of civil conduct based on immemorial usage, and acts of Parliament in force at the time of the settlement of this country by our ancestors, so far as they are applicable to our institutions and condition.—19 Ala. 814; 29 Ala. 478. The statute of 19 Geo. II., c. 21, cited by Blackstone (vol. 4, p. 60), which makes criminal the mere act of using profane language, can, therefore, have no binding force in this country. (2) "To make the offense indictable, it must be such as to shock and insult, not an individual, but the community; to indulge publicly in profane swearing, or in loud and obscene language, so as to draw together a crowd in a thoroughfare, though the offense be not laid as a nuisance.—Wharton's Amer. Cr. Law (4th Ed.), § 6. —See, also, *Ib.* §§ 2400, 2401; *State v. Jones*, 9 Ir. 38.

H. C. TOMPKINS, Attorney-General, for the State.—(1) The indictment in this case is for public profane swearing. This is an offense at common law, and one of that class which is recognized by our laws.—Code of 1876, § 4447; 1 Bish. on Cr. Law (Ed. of 1856), § 378; 1 Whar. Am. Cr. Law, § 6; *The State v. Graham*, 3 Sneed, 134; *Bell v. The State*, 1 Swan, 42; *The State v. Appling*, 25 Mo. 315. (2) The indictment is a substantial and concise statement of the offense as known to the common law.—2 Bish. on Cr. Proc. § 123; Code of 1876, 4785; *Barker v. Commonwealth*, 19 Penn. St. 412. (3) The swearing was in a public place, and four persons besides the defendant were present. This was sufficient.—*Commonwealth v. Foley*, 99 Mass. 497; *Commonwealth v. Oaks*, 113 *Ib.* 8; *Commonwealth v. Harris*, 101 *Ib.* 29.

SOMERVILLE, J.—The indictment in this case charges, "that, before the finding of this indictment, Joe Goree [the appellant] did indulge publicly in profane swearing by using such expressions as, to-wit [here setting out certain profane language], or words of like import, to the evil example of all

[Goree v. The State.]

others in like case offending, and against the peace and dignity of the State of Alabama." The defendant was convicted of the offense charged, and being fined in the sum of twenty-five dollars, was duly sentenced in accordance with the verdict of the jury.

It is too well settled, for either disputation or discussion, that public profane swearing, as well as blasphemy, was an indictable offense at the common law, owing, no doubt, as well to the fact of its tendency to disturb the peace and corrupt the morals of the community, as to undermine the foundations of Christianity, which is justly regarded, in a certain sense, as a part of the common law of the land.—1 Bish. Cr. Law, § 498; 3 Whart. Amer. Cr. Law, §§ 2536–37; *State v. Graham*, 3 Sneed (Tenn.), 134; *State v. Ellar*, 1 Dev. (N. C.), 267.

The sounder view, however, seems to be that a single utterance of a profane word is not *per se* indictable, if it be not spoken, at least, with a loud voice, nor with repetitions. To be indictable, it is requisite that profanity should take such form, and be uttered under such circumstances as to constitute a public nuisance.—2 Bish. Cr. Law, § 79; *State v. Waller*, 3 Murphy (N. C.), 229; *State v. Jones*, 9 Ired. (N. C.), 38.

The present indictment is fatally defective in its allegations. It fails to charge that the act was done in the *presence* or *hearing* of any one. The averment that it was done "publicly" is insufficient, for such may have been true if the act was done openly, or without concealment, and in a public place. In the case of *The State v. Pepper*, 68 N. C. 259, an indictment for profane swearing was held defective, in this particular, although it charged the act as having been done in the *public streets* of a town. According to the best approved precedents, the language is usually charged as having been uttered "in the *presence* and *hearing* of *divers*" persons, citizens or subjects, as the case may be.—2 Bish. Cr. Proc. § 123; 2 Whart. Precedents, 962–967; *State v. Appling*, 25 Mo. 315.

Nor is this defect obviated by the provisions of our statutes in reference to the contents of indictments.—Code, §§ 4785, 4793. The offense charged is not a statutory but a common law crime. There is no prescribed form for it in the Code, and the principle obtains in such cases, that the indictment must aver every material constituent of the offense charged, *time and venue alone being excepted.—Smith v. State*, 63 Ala. 55; *Noles v. State*, 24 Ala. 672.

It certainly is not required for the completeness of an offense of this nature, that the language used, as insisted by appellant's counsel, should have been heard by a large portion of the people in the community." The court very properly ruled

[Gilliam v. The State.]

that if three or four persons were present and heard the words uttered, this would be sufficient.

The judgment of the Circuit Court is, for the above reason, reversed, and the cause is remanded. And, in the meanwhile, the defendant will be retained in custody until discharged by due course of law.

