# Thomas *v.* The State.

*Attempt to Produce abortion.*

(Decided May 18th, 1908. Rehearing denied July 3rd, 1908.
47 South. 257.)

1. *Indictment and Information; Terms of Statute; Abortion.*— Where the statute defines the offense and provides for its punishment, an indictment is sufficient that follows the terms of the offense laid down in the statute, or in words conveying a similar meaning.

2. *Same; Abortion.*—An indictment for an attempt to produce an abortion need not name the drugs alleged to have been given, nor the instruments used, nor aver how the one was administered or the other used.

3. *Same.*—The allegation in an indictment for attempt to procure an abortion that the defendant administered to "C. who was a pregnant woman," etc., is sufficient as an allegation of pregnancy at the time of the attempt.

4. *Abortion; Evidence.*—It being corroborative of the theory that an abortion had been produced or miscarriage suffered, it was competent for the physician who examined the woman to show the re-

[Thomas v. The State.]

sult of such examination and this testimony being given, it was competent for the mother to testify that the woman had never been pregnant before, and that she had never been operated on before.

5. *Same; Instructions; Sufficiency of Evidence.*—Under an indictment charging abortion, or attempt to procure, a charge asserting that if it is proven beyond a reasonable doubt that both drugs and instruments were used by the defendant to commit the abortion, then the allegations of the indictment as to the means and instrumentalities used are proven, and it is not necessary to prove beyond a reasonable doubt which was used whether drugs or instruments, so long as the jury are convinced beyond a reasonable doubt that one or both were used, is correct.

6. *Same; Instructions.*—A charge asserting that if defendant was treating the woman for certain troubles, and not for the purposes of producing a miscarriage, the verdict should be for the defendant, is miseleading, since he might have produced the abortion wilfully with instruments while treating her for the other troubles.

7. *Same.*—Where there were tendencies in the evidence showing that instruments had been used on another day, and that might have been the time when the abortion was produced, it was proper to refuse a charge asserting that the verdict should be for the defendant unless it has been proven that the defendant used an instrument on the woman in such a way as to produce a miscarriage on the Friday referred to by the witness.

8. *Witnesses; Cross Examination of Accused.*—The defendant, testifying in his own behalf, having given an opinion as an expert as to the result of the medicines prescribed, could be asked upon the cross questions which would test his knowledge, whether such questions were supported by the facts hypothesized, or not.

9. *Charge of Court; Instructions Abstract.*—In the absence of testimony tending to show that one S. participated or assisted in the commission of the offense charged, an instruction is abstract which asserts that if the jury believe from the evidence that one S. participated in the crime, they cannot convict unless S.'s testimony is corroborated. (S. having testified as a witness.)

10. *Same; Reasonable Doubt.*—A charge asserting that if the minds of the jury are left in doubt and uncertainty as to whether the defendant did anything, the verdict should be for defendant, was bad for failure to assert a reasonable doubt, as distinguished from a mere doubt.

11. *Same; Credibility of Witness.*—A charge asserting that the fact that the defendant is a party to the cause does not, on that account, render him less credible as a witness, is misleading.

(Anderson and Denson, JJ., dissent in part.)

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Charles E. Thomas was convicted of an attempt to procure an abortion, and appeals. Affirmed.

The indictment was as follows: "The grand jury of said county charge that before the finding of this indictment Charles Thomas willfully administered to Onether Crawford, who was a pregnant woman, a drug or substance, or used or employed an instrument, to procure her miscarriage; the same not being necessary to preserve her life, and not done for that purpose, against," etc.

Demurrers were interposed as follows: "(1) It is not alleged what instrument was used nor that the name and kind or description of such instrument was unknown to the grand jury. (2) It is not alleged how or in what manner the said instrument was used. (3) It is not alleged what drug was used. (4) It does not allege the manner of the use of the drug. (5) It is not alleged that the kind or character of the drug was unknown to grand jury. (6) It is not alleged that the manner of administering said drug was unknown to the grand jury. (7) It is not averred what substance was used or administered to said Crawford, or that the same was unknown to the grand jury. (8) For that each of the alternative averments of the means used or employed to produce said miscarriage do not set forth with sufficient particularity the means used to commit the offense. (9) The indictment is not according to the form prescribed by law. (10) For that sufficient is not alleged in said indictment for the defendant to know with what criminal offense he is charged. (11) For that it is not alleged in said indictment that said Crawford was pregnant at the time the defendant administered said drug or substance, or used and employed said instruments. (12) For that it is not alleged that the drug or substance administered to said Crawford was calculated to produce her miscarriage. (13) It is not alleged that the instrument used was such a one

as was calculated to produce the miscarriage of said Crawford. (14) It does not set forth the nature and cause of the charge against the defendant."

The state was permitted to show the condition of Onether Crawford at the time of the trial, and that she was not in a physical condition to appear at the trial. On cross-examination of defendant, who had testified that he was a practicing physician of 18 years' standing, the court permitted the state to ask and required the defendant to answer the following questions: "If you had given a teaspoonful of ergot every three or four hours to a pregnant woman, what effect would it have?" "Is not the effect of too much ergot to contract and open the womb?" "Is not ergot, when given to a pregnant woman, except in small quantities, dangerous?" "Would not the effect of giving a spoonful of ergot every three or four hours to a pregnant woman be likely to produce an abortion?"

In his oral charge to the jury the court said: "If it is proven beyond a reasonable doubt that both drugs and instruments were used by the defendant to commit abortion, then the allegations of the indictment are proven so far as concerns the means and instrumentalities alleged; and it is not necessary to prove beyond a reasonable doubt which was used, whether drugs or instruments, just so you are convinced beyond a reasonable doubt that one or both were used."

The following charges were refused to the defendant: "(A) Gentlemen of the jury, you cannot find the defendant guilty if you believe that an abortion was committed on Onether Crawford, or attempted to be committed on her, in any other way than by the use of an instrument. (B) If you believe from the evidence that the witness Matilda Sigler was participating and assisting in producing an abortion on Onether Crawford, you

cannot convict the defendant, unless the testimony of said Matilda Sigler is corroborated by testimony, which the jury believe, connecting the defendant with the commission of the offense. (C) If your minds are left in doubt and uncertainty as to whether or not the defendant did anything to Onether Crawford to cause her to miscarry, your verdict should be for the defendant." (9) Affirmative charge. (12) The fact that the defendant is a party to this suit does not on that account render him less credible as a witness than if he were not a party to the suit. (13) If you believe the evidence you cannot convict the defendant because of any drug or substance administered by him to Onether Crawford. (14) If the defendant was treating Onether Crawford for flooding or too free discharge during her menstrual periods, and not for the purpose of producing a miscarriage, then your verdict should be for the defendant. (15) Unless it has been proven to the jury, and to each member of it, that the defendant used an instrument on Onether Crawford in such way as to produce a miscarriage on the Friday evening referred to by the witness Matilda Sigler, you cannot convict the defendant. (16) Although you may believe that Onether Crawford did miscarry, and that it was brought about by the treatment she received from the defendant, yet you cannot convict the defendant, unless it had been proven to you beyond a reasonable doubt that he used or employed an instrument to procure such miscarriage, and that he willfully used it for that purpose."

CABANISS & BOWIE, and E. H. DRYER, for appellant. The indictment in this case was defective,—Sec. 4305, 1896; *Houghton v. The State,* 53 Ala. 493; *Johnson v. The State,* 32 Ala. 583; *Hornsby v. The State,* 94 Ala. 55; *Carter v. The State,* 55 Ala. 181; *Rodgers v. The*

*State,* 117 Ala. 193. It is essential that the means or instrumentalities used be alleged.—*Batre v. The State,* 18 Ala. 119; *Trexler v. The State,* 19 Ala. 21; *Grattan v. The State,* 71 Ala. 344; *Gaines v. The State,* 146 Ala. 16; *Rodgers v. The State, supra.*

ALEXANDER M. GARBER, Attorney-General, for the State. The demurrer was properly overruled to the indictment.—*Marshall v. The State,* 120 Ala. 390; *Traylor v. The State,* 100 Ala. 142; *Grattan v. The State,* 71 Ala. 344; *Smith v. The State,* 63 Ala. 55; *Wilson v. The State,* 61 Ala. 151. The indictment falls squarely within the rules prescribed by sec. 4898, Code 1896.—*Goree v. The State,* 71 Ala. 7; *Johnson v. The State,* 44 South. The questions to the defendant were proper to test his knowledge. The oral charge of the court was correct.— *Smith v. The State,* 142 Ala. 214. The court properly refused the charges requested by the defendant.—*Smith v. The State,* 118 Ala. 117.

ANDERSON, J.—The indictment in the case at bar was framed under section 4305 of the Code of 1896, which both defines, as well as prescribes a punishment for, "attempts to procure abortion." The statute makes the Code form of indictments sufficient in all cases in which said forms are applicable. Section 4894 of the Code of 1896; *Bailey v. State,* 99 Ala. 143, 13 South. 566. In statutory offenses, where no form of indictment is given, it is usually sufficient to follow the statute. In charging common-law offenses, although we have statutes fixing the punishment, and sometimes changing them from misdemeanors to felonies, and the reverse, where no form is prescribed, the indictment should be framed under the common law.—*Goree v. State,* 71 Ala. 7; *Grattan v. State,* 71 Ala. 344. But in

cases where the statute, not only prescribes a punishment but also defines the offense, notwithstanding a similar offense existed at common law, we think the indictment would be sufficient if the offense is described in the language of the statute or in words conveying the same meaning. Section 4898 of the Code of 1896; *Clark v. State,* 19 Ala 552. Speaking of indictments for this identical crime, Mr. Bishop in his work on Statutory Crimes (section 754), says: "Follow the Statute.— This rule is specially safe and in most instances sufficient, in various forms of the offense now under consideration. Rarely will the allegations require expansion beyond the statutory terms."

We do not think it necessary to name the drug or instrument, nor to aver how the drug was administered or the instrument was used.—*State v. Reed,* 45 Ark. 333; *State v. Vawter,* 7 Blackf. (Ind.) 592; *State v. Van Houton,* 37 Mo. 357; *Watson v. State,* 9 Tex. App. 237; *Com. v. Morrison,* 16 Gray (Mass.) 224; *Rex v. Phillips,* 3 Campbell, 73 (English.) Mr. Bishop concedes that most of our courts have held that it is not necessary to name the drug or substance, but says that this form lies close upon the border line, and observes that the English forms specify the drugs, and further remarks that "in justice to the defendant it would seem but equitable for the grand jury to say, if they know, what was the drug administered, or, if they do not know, to allege their want of knowledge, whether the strict law requires it or not." Yet he concedes that, if a drug different from the one named is proven, there would be no fatal variance. This eminent writer, in referring to the English form of indictment, may have been accurate in his statement that they specified the drug, yet he evidently failed to observe that the court, in the case in 3 Campbell, 73, held that it was unnecessary to aver

the name of the drug, or that it was a noxious or destructive thing, and that a failure to prove the drug as alleged was not material. There are cases in which the drug or instrument have been named, and where the manner of using the instrument has been set out, in the indictment; but we think the weight of authority is to the effect that these averments are not essential to the sufficiency of the indictment. The indictment sufficiently avers the pregnancy of the woman at the time of the attempt to produce the abortion. The trial court did not err in overruling the demurrer to the indictment.

A majority of the court are of the opinion, that the action of the trial court in permitting the state to account for the absence of Onether Crawford was either not error, or, if error, that it was error without injury. The writer, with whom Justice DENSON concurs, thinks that this was reversible error. "The circumstance that a particular person, who is equally within the control of both parties is not called as a witness, is too often made the subject of comment before the jury. Such a fact lays no ground for a presumption against either party." A presumption against a party for the nonproduction of a witness arises only when it is manifest that the evidence is only within the power of one party and is not accessible to his adversary.—*Bates v. Morris*, 101 Ala. 286, 13 South. 138; *Brock v. State*, 123 Ala. 26, 26 South. 329, and cases there cited. The witness, whether sick or well, was as accessible to one party as the other, and the failure to produce her, could create no presumption unfavorable to either. Yet to permit the state to give a reason for her absence, and to emphasize the fact, twice, that proof of her condition was for "the sole purpose of accounting for her absence," was highly prejudicial to defendant.

[Thomas v. The State.]

The trial court did not err in permitting the state to prove the result of the examination by Dr. Brothers upon the person of Onether Crawford, as it was corroborative of the state's theory of a miscarriage or abortion. Nor was there error in permitting the state to prove by the mother the previous condition of the woman, and that she had never been pregnant before, and had never had an operation performed upon her womb. Dr. Brothers had testified, that the rupture in the neck of the womb, could have only been caused by childbirth or by the use of instruments in the neck of the womb.

The trial court did not err in permitting the questions propounded to the defendant by the solicitor upon cross-examination. The defendant gave his opinion as to results of the medicine prescribed, and as an expert, and the questions asked, whether supported by the facts hypothesized or not, were competent to test his knowledge. Moreover, the scope of the cross-examination was largely within the discretion of the trial court.

There was no error in so much of the oral charge as was excepted to by the defendant.

If charges A, 13, and 16 were good, but which we do not decide, they were fully covered by charge 5 given at the request of the defendant.

Charge B, requested by the defendant, was properly refused. If not otherwise bad, it was clearly abstract. There was no proof whatever, that Matilda Sigler participated in or assisted in the crime.

Charge C, requested by the defendant, was properly refused. If not otherwise bad, it pretermits a reasonable doubt or uncertainty.

Charge 9, requested by the defendant, was properly refused. It is the general charge, and there was evidence authorizing a conviction.

Charge 12, requested by the defendant, was manifestly misleading, if not otherwise bad.—*Smith v. State,* 118 Ala. 117, 24 South. 55. See given charge 6 at the request of the state.

Charge 14, requested by the defendant, was properly refused. The defendant may have been treating the woman (at the time he gave her the medicine) with no intention of producing miscarriage; but he could have, nevertheless, willfully attempted to produce or produced one at the time testified to by the use of instruments.

Charge 15, requested by the defendant, was properly refused. If not otherwise bad, it confined the jury to a determination of the result of defendant's action on Friday night, when there was proof that he used instruments on the woman the next morning, and which may have been with the intent to procure an abortion, and may have been the time when it was actually produced.

The judgment of the city court is affirmed.

TYSON, C. J., and HARALSON, DOWDELL, SIMPSON, and McCLELLAN, JJ., concur. ANDERSON and DENSON, JJ., dissent.