# Gleason *v.* The State.

*Embezzlement.*

(Decided December 19, 1912. 60 South. 518.)

1. *Appeal and Error; Review; Pleading.*—An appellate court cannot review rulings on the pleadings where such pleadings are not set out in the record.

2. *Criminal Law; Verdict; General; Several Counts.*—If either count of the indictment charged an offense, a verdict finding the defendant guilty as charged in the indictment will be referred to the good count, and a general judgment rendered pursuant to said verdict, is not erroneous.

3. *Indictment and Information; Embezzlement; Form.*—An indictment charging embezzlement by an officer, agent, etc., under section 6828, Code 1907, need not following the language of such statute in charging the offense if it alleges that the defendant obtained the money by virtue of his office or employment.

4. *Embezzlement; Elements; Capacity.*—It is of the essence of the offense of embezzlement under section 6828, that the money was committed to the defendant's possession by virtue of his office or employment.

5. *Same; Allegations; Defendant's Relation to Money.*—Where the indictment charged that the defendant being at the time the agent or clerk of the K. Co., did embezzle or fraudulently convert to his own use, or to the use of another, the property described, which property had come into his possession as such agent or clerk, it sufficiently alleged that the property converted by the defendant had come into his possession as agent or clerk of the said company as required by section 6828, Code 1907.

6. *Same; Evidence; Time.*—The evidence stated and held not to show sufficiently that the property was embezzled within three years before the indictment was found.

7. *Same; Limitation.*—Since section 7324 and 7346, Code 1907, in effect require prosecution for larceny to be begun within three years from the commission of the offense, an indictment for embezzlement under section 6828, should be brought within three years from the time of the commission of the offense, the punishment being fixed the same as for larceny.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

Martin E. Gleason was convicted of embezzlement, and he appeals. Reversed and remanded.

The following is the indictment omitting the formal charging part. Count 1: "Martin E. Gleason, being at the time the agent or clerk of the C. D. Kenny Company, a body corporate, did embezzle or convert to his own use, or to the use of another, or fraudulently secreted with the intent to convert to his own use, or the use of another, bank notes, money, checks, or bills of exchange of or about the amount of $5,200.00, and of that value, the property of the C. D. Kenny Company, a body corporate, which had come into his possession as such agent or clerk." The second count is similar to the first, except that it alleges that a particular description of the property converted is to the grand jury unknown.

[Gleason v. The State.]

ALLEN & BELL, for appellant. The indictment was defective and the demurrers thereto should have been sustained.—*Holbrook v. The State*, 107 Ala. 156; *Washington v. The State*, 106 Ala. 58; *Oxford v. The State*, 33 Ala. 416; *Lowenthal v. The State*, 32 Ala. 589; *Sparrenberger v. The State*, 53 Ala. 481; *Brown v. The State*, 4 Ala. 10; 160 U. S. 268; 168 Ind. 643; Sec. 6828, Code 1907. Whether the demurrer be held to appear of record or not, the motion in arrest of judgment sufficiently questions the validity of the indictment in the respect mentioned.—*Martin, et al. v. The State*, 29 Ala. 30; s. c. 28 Ala. 71; *Elliott v. The State*, 26 Ala. 78; *Francois v. The State*, 20 Ala. 83. The corpus delicti must be proven before any conviction can be had.—*Sanders v. The State*, 167 Ala. 85; *Calvert v. The State*, 165 Ala. 99; *Johnson v. The State*, 142 Ala. 1. The corpus delicti was not proven.—*Johnson v. The State, supra; Smith v. The State*, 133 Ala. 145; *Stringer v. The State*, 135 Ala. 60, and cases cited. The evidence does not bring the prosecution within the time required.—*Hurt v. The State*, 55 Ala. 214; *Gore v. The State*, 58 Ala. 391. Counsel discuss error in admission of evidence, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It was not error for the court to sustain the State's motion to strike defendant's dilatory pleas Nos. 2 and 3. They were not verified by oath.—Code, Sec. 7567. The demurrer to the indictment interposed by the defendant does not appear of record; it cannot, therefore, be considered by the Appellate Court.—*Garret v. State*, 97 Ala. 18, 24; *Peters v. State*, 100 Ala. 10, 12. The evidence of the witness Bailey to the effect that the entries in a book used by him to refresh his memory were cor-

rect was properly admitted. The witness testified to what he had asserted were facts within his own knowledge.—*Acklen v. Hickman,* 63 Ala. 494, 498; *Callaway v. Varner,* 77 Ala. 541; *Andrews v. English,* 121 Ala. 275; *B'ham R. R. L. & P. Co. v. Seaborn,* 168 Ala. 658.

WALKER, P. J.—We cannot review the ruling of the court on a demurrer to the indictment, as no such demurrer is set out in the record. The indictment contained two counts. If either of the counts charged a criminal offense, the verdict finding the defendant guilty as charged in the indictment is to be referred to the good count, and the general judgment rendered in pursuance of such verdict is not reversible error.—*Handy v. State,* 121 Ala. 13, 25 South. 1023.

It is urged in behalf of the appellant that the indictment is insufficient to support the conviction because of the failure of its averments to show that the property with the embezzlement or fraudulent conversion of which he was sought to be charged had come into his possession by virtue of his employment mentioned in the indictment. It is not to be doubted that one of the essential elements of the statutory offense of embezzlement by an officer, clerk, agent, servant, or apprentice (Code, § 6828) is that the money or property with reference to which the offense is claimed to have been committed had come into the defendant's possession "by virtue of his office or employment." In speaking of a similar offense created by another statute, it was said in the opinion rendered in the case of *Reeves v. State,* 95 Ala. 41, 11 South. 162: "It involves two general ingredients or elements: First, a breach of duty or trust in respect of money, property, or effects in the party's possession, belonging to another; second, the wrongful appropriation thereof to his own use. There must be

the actual and lawful possession or custody of the property of another by virtue of some trust, duty, agency, or employment on the part of the accused; and, while so lawfully in the possession of such property, it must be unlawfully and fraudulently converted to the use of the person so in the possession and custody thereof." Courts frequently emphasize the necessity of its being made to appear that the property with reference to which the offense of embezzlement is charged had been intrusted to the defendant, had lawfully come into his hands.—*Wall v. State,* 2 Ala. App. 157, 56 South. 57; *Moore v. United States,* 160 U. S. 268, 16 Sup. Ct. 294, 40 L. Ed. 422. A question in this case, then, is whether the averments of either count of the indictment show that the money or property mentioned had come into the defendant's possession "by virtue of his office or employment" within the meaning of that expression as it is used in the statute.

It is not necessary for the indictment to follow the language of the statute if its averments show that the defendant's relation to the money or property mentioned was such as the statute describes.—*Sparrenberger v. State,* 53 Ala. 481, 25 Am. Rep. 643.

The first count of the indictment charges that the defendant, "being at the time the agent or clerk of the C. D. Kenny Company, a body corporate, did embezzle or fraudulently convert to his own use, or to the use of another," described personal property, alleged to be of or about the amount of $5,200, and of that value, the property of the C. D. Kenny Company, which property "had come into his possession as such agent or clerk." In the indictment which was before the court in the case of *United States v. Northway,* 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664, the allegation was that the defendant "as such president and agent [of a national bank] then

and there had and received in and into his possession certain of moneys and funds of said banking association, * * * and, then and there being in possession of said" defendant "as such president and agent aforesaid, he, the said" defendant, "then and there * * * wrongly, unlawfully, and with intent to injure and defraud said banking association did embezzle and convert to his own use." In reference to this averment it was said by the court: "It is quite clear that the allegation is sufficient, as it distinctly alleges that the moneys and funds were at the time in the possession of the defendant as president and agent. This necessarily means that they had come into his possession in his official character, so that he held them in trust for the use and benefit of the association." In the case of *Wall v. State,* 2 Ala. App. 157, 56 South. 57, this court spoke of an allegation in an indictment that the defendant's possession of the money alleged to have been embezzled was by virtue of his agency as necessarily importing that he embezzled while acting in the capacity of agent. We think that an averment to the effect that the defendant, being at the time the agent or clerk of another, did embezzle or fraudulently convert described personal property of his principal which had come into his possession as such agent or clerk sufficiently shows that his relation to the property mentioned was such as to make it the subject of the offense created by the statute. The statement conveys the idea of a possession or custody which was lawful and within the authority conferred by the agency alleged, so as to make the defendant's holding of the property one in trust for the use or benefit of his principal. This amounts to the same thing as saying in the language of the statute that the defendant's possession was "by virtue of his office or employment."

The indictment was sought to be supported by evidence of an embezzlement committed by the defendant while he was acting as the manager of a store in Birmingham which belonged to the C. D. Kenny Company, and of which he had had charge for considerably more than three years before the indictment was found in January, 1910. In September, 1909, a representative of the proprietor of the store came to Birmingham for the purpose of auditing the accounts of the defendant as such manager. In the first statement made by the auditor showing the result of his investigation the defendant was credited with the amounts of a number of sales shown by the books to have recently been made to sundry customers who appeared on the books kept by the defendant to be debtors for such amounts charged against them respectively. On subsequent investigation, it was discovered that such sales had not been made, and that the defendant was not entitled to credits for the amounts of them. The deduction of the amounts of those credits disclosed the existence of a large shortage chargeable against the defendant. The evidence tended to show that these false entries on the books were made by the defendant after the arrival of the auditor in Birmingham. Such evidence had a tendency to prove that the false entries were made for the purpose of covering up an existing shortage, and to support an inference that the shortage was the result of an embezzlement or embezzlements committed by the defendant. But we find nothing in the evidence having any tendency to show that any part of such embezzlement had been committed within the period of three years before the date of the indictment. For anything shown to the contrary, the entire shortage may have existed for more than three years before the audit of the books was made in September, 1909. It would be

the merest surmise or conjecture for the jury to find from such evidence that the defendant had within three years before the finding of the indictment converted any of his principal's property which had come into his possession or custody. Evidence of the defendant's having been guilty in September, 1909, of making false entries on his books with the design of concealing from an auditor then making an investigtaion an existing shortage, has no tendency to prove when such shortage was brought about by his conversion or misappropriation of his principal's property.

The effect of the indictment was to charge the defendant with an embezzlement committed within the next preceding three years.—*Kelly v. State,* 171 Ala. 44, 55 South. 141; *Scott v. State,* 3 Ala. App. 142, 57 South. 413; Code, §§ 6828, 7324, 7346. It could not be supported by evidence having no tendency to prove the commission of the offense within that period. On the evidence adduced the defendant was entitled to the general affirmative charge requested in his behalf, and the court was in error in refusing to give that charge.

Reversed and remanded.