## DOWDY v. STATE. (8 Div. 48.)

(Court of Appeals of Alabama. July 26, 1923. Rehearing Denied Oct. 30, 1923. Reversed on Mandate of Supreme Court Dec. 18, 1923.)

**I. Criminal law ⬅⬗878(2)—General verdict referable to good count where both good and bad exist.**

Where there is a good count and a bad count in an indictment, a general verdict of conviction will be referable to the good count.

**2. Abortion ⬅⬗9—Evidence tending to show motive of defendant committing abortion held competent.**

In a prosecution for inducing an abortion, it was competent to show that the person who employed defendant to perform the operation was at the home of the woman about the time of the commission of the alleged crime; as tending to show the motive of defendant at that time.

**3. Abortion ⬅⬗9—Unnecessary to show exact dates of doctor's visits to woman upon whom an abortion was performed.**

In a prosecution for inducing an abortion, it was not incumbent on the state to show the exact date of the doctor's visits who examined the woman, and who found that she had been delivered of the child, where he could not remember the exact date without a reference to his records, but did testify as to the approximate dates independently thereof, in view of defendant's testimony that at the time the operation was performed the child had been dead from 10 days to 3 months, and that the operation was necessary to save the woman's life, and was done solely for that purpose.

**4. Criminal law ⬅⬗725—Argument of solicitor asking for conviction under evidence held proper.**

In a prosecution for inducing an abortion, the solicitor did not transcend the legitimate bounds of argument in telling the jury that they would convict under the testimony, if they did what they came there for, and were summoned for, and what their oaths required them to do.

**5. Criminal law ⬅⬗720(I)—Wide latitude allowed in comments on evidence in argument.**

Wide latitude is allowed in comments on evidence in argument of counsel.

**6. Criminal law ⬅⬗713—Argument of solicitor held not objectionable as a statement of fact.**

In a prosecution for inducing an abortion, the argument of the solicitor that the jury was not to acquit a man because he was well dressed, or to convict him because he wore poor clothing, was not objectionable as a statement of fact, and it could not have prejudiced defendant.

**7. Abortion ⬅⬗3—One aiding, abetting, or advising an abortion, unless to save life, guilty.**

One who aids, abets, or advises an abortion is guilty, unless the same was necessary to save the woman's life, and was done for that purpose.

**8. Abortion ⬅⬗I—May. be induced by use of the hand.**

An abortion may be induced by the use of the hand.

**9. Criminal law ⬅⬗561(I)—State required to prove guilt only beyond a reasonable doubt.**

The state is not required to make proof of guilt beyond all doubt, being required to prove it only beyond a reasonable doubt.

**10. Abortion ⬅⬗I—Unnecessary to prove that child removed by abortion was alive.**

It is unnecessary, in a prosecution for an abortion, for the state to prove that the child was not dead when it was removed from the body of the woman operated upon.

**II. Criminal law ⬅⬗798(I) — Instruction requiring acquittal, unless all jurors convinced beyond reasonable doubt, properly refused.**

An instruction calling for an acquittal, if there is a reasonable doubt in the mind of any of the jurors of the guilt of accused, is properly refused.

**12. Criminal law ⬅⬗1206(I)—Failure of statute to fix maximum fine does not render it unconstitutional.**

Code 1907, § 6215, as amended by Acts 1911, p. 548, providing as punishment for the offense of abortion a fine of more than $500 and imprisonment in the penitentiary, is not unconstitutional as failing to fix a maximum fine.

**13. Criminal law ⬅⬗1177 — Assessing lesser fine than that provided by statute not cause for reversing conviction.**

Where the fine assessed against defendant for inducing an abortion was less than was provided in the statute under which the prosecution was had, the error being in defendant's favor, no cause for reversal was shown.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Lee Dowdy was convicted of producing an abortion, and appeals. Affirmed.

Reversed and remanded on authority of Ex parte Dowdy, 210 Ala. 419, 98 South. 367.

Count 2 of the indictment is as follows:

"The grand jury of said county further charge that before the finding of this indictment, Lee. Dowdy, alias Doctor Lee Dowdy, and Preston Hicks, alias Doctor Preston Hicks, willfully administered to Minnie Bagwell, who was a pregnant woman, a drug or substance, or used or employed an instrument or other means to induce an abortion, miscarriage, or premature delivery, or aided, abetted, advised, or prescribed for the same, it not being necessary to preserve her life, and not done for that purpose, against the peace and dignity of the state of Alabama."

Street & Bradford, of Guntersville, for appellant.

The second count of the indictment is faulty in failing to specify the "other means" therein mentioned as having been employed in the commission of the offense. Johnson

---

⬅⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. State, 32 Ala. 583; Daniel v. State, 61 Ala. 8; Danner v. State, 54 Ala. 127, 25 Am. Rep. 662; Hornsby v. State, 94 Ala. 55, 10 South. 522; Rogers v. State, 117 Ala. 192, 23 South. 82; Horton v. State, 53 Ala. 488; Noble v. State, 59 Ala. 73; Hawkins v. State, 8 Ala. App. 234, 62 South. 974; Dix v. State, 8 Ala. App. 338, 62 South. 1007; Pickett v. State, 60 Ala. 77; C. of Ga. v. State, 145 Ala. 99, 40 South. 991; Turnipseed v. State, 6 Ala. 664; Beasley v. State, 18 Ala. 535; Prim v. State, 36 Ala. 247.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The demurrers interposed to count 2 were properly overruled; the language of the count follows the language of the statute and is sufficient. Griggs v. State, 18 Ala. App. 467, 93 South. 499.

FOSTER, J. The appellant was convicted of inducing or attempting to induce abortion, miscarriage, or premature delivery of a woman; said offense is defined in section 6215, Code 1907, as amended by an act approved April 21, 1911 (Acts 1911, p. 548).

[1] Demurrers were interposed to counts 1 and 2 of the indictment. The court gave the general affirmative charge for the defendant as to count 1; it is therefore unnecessary to consider the demurrers to that count. If it be conceded that count 1 was defective when there is a good count and a bad count in an indictment, a general verdict of conviction will be referable to the good count. Handy v. State, 121 Ala. 13, 25 South. 1023; Gleason v. State, 6 Ala. App. 49, 60 South. 518. The second count is in the words of the statute, and is sufficient. Griggs v. State, 18 Ala. App. 467, 93 South. 499; Oliver v. State, 16 Ala. App. 533, 79 South. 313; Thomas v. State, 156 Ala. 166, 47 South. 257.

Dr. Isbell testified that the defendant told him on March 21, 1920, that he had made arrangements with Mat Singleton for him (defendant) and Dr. Isbell to go down and "relieve that girl of that young'n"; that Singleton had agreed to give defendant $300; and that he (defendant) would pay Dr. Isbell half the fee. Dr. Isbell further testified that he told defendant it was dangerous, and he would better let it alone, and that defendant said Singleton was wanting help and wanting it bad. There was evidence that the woman was six or seven months advanced in pregnancy; and that on March 19th she was examined, and the child was alive; and that about March 19th or 20th, and several days before, she was seen by a physician; and that she was pregnant, and her condition normal; and that an operation was not necessary to save her life. There was evidence that an operation on the woman was performed by defendant and another the latter part of March, and that after the operation "he (the defendant) said it was tumor that ailed Minnie." She was in bed about 15 days after the operation, and Dr. Miller saw her about April 3d, and there was no baby there.

[2] It was competent to show that Singleton was at the house of the woman, Minnie Bagwell, about the time of the alleged commission of the crime, as tending to show the motive of the defendant at the time of the operation upon the woman, which the evidence tended to show Singleton had employed him to perform.

[3] It was not incumbent upon the state in this prosecution to show the exact dates of Dr. Miller's visits. He testified that the best he could remember "offhand" he saw the girl about the 19th or 20th of March; that he could not remember the exact date of his last visit, except by reference to his records. He testified independently of his records as to the approximate dates, although he did testify that the exact date of his last visit, March 24th, was taken from his records, and that he did not have his records in court with him.

The evidence of the defendant tended to show that no instrument was used, except a speculum, which was used to inspect the parts, and not to deliver the woman of a child; that morphine and chloroform were administered for the purpose of relieving pain; that the child had been dead from 10 days to 3 months; that it was 4 or 4½ months developed; that the skin slipped off; that there was an odor of putrefying tissue; that the removal of the fetus was necessary to save the life of the woman, and was done for that purpose.

[4] Objection was made to the portion of the solicitor's argument to the jury as follows:

"If you do what you came here for and what you were summoned here for and what your oaths required you to do, you will convict the defendant under the testimony."

Counsel may argue every inference arising out of the evidence. A conviction is asked under the evidence, and the solicitor did not transcend legitimate bounds of argument. Cross v. State, 68 Ala. 476; Lide v. State, 133 Ala. 43, 31 South. 953; Jones v. State, 136 Ala. 118, 34 South. 236.

[5] Wide latitude is allowed to comments on evidence in argument of counsel. Mitchell v. State, 18 Ala. App. 471, 93 South. 46.

[6] That portion of the argument of the solicitor as follows: "You are not here to turn this man loose because he wears a collar and tie, or to convict a man that is in rags and strings" was objected to. The effect of the argument was that you are not to acquit a man because he is well dressed or to convict because he wears poor clothing. This was not objectionable as a state-

ment of fact, and we fail to see how it could have prejudiced the defendant.

There was no error in that portion of the oral charge of the court to which exception was reserved. The charge must be taken as a whole.

Charges 1, 2, and 3, the general charge for the defendant, were properly refused. There was a conflict in the evidence, and there was ample evidence to sustain a conviction.

Charges 4, 5, 6, 11, 16, and 18 were properly refused. They invade the province of the jury. Skains & Lewis v. State, 21 Ala. 218; 1 Mayf. Dig. p. 168, par. 11.

[7] Charges 8, 9, 12, and 14 do not correctly state the law. If the defendant aided, abetted, or advised the abortion he was guilty, unless the same was necessary to save the woman's life, and done for that purpose. Furthermore, charge 12 relates to count 1 of the indictment, and the general charge for defendant (given charge 1) was given by the court, and refused charge 14 is covered by given charges 7, 8, and 9.

[8] Refused charge 7 was faulty. An abortion may be induced by the use of the hand. Furthermore, if the defendant aided, abetted, or advised the abortion he was guilty, unless it was necessary to save the life of the woman, and done for that purpose. However, the charge is covered by given charge 7.

Charges 8 and 9 are faulty. The indictment charges the use of "an instrument or other means" to induce the abortion. "Other means" include the hands, and the use of the hands alone to induce an abortion may be sufficient.

Refused charges 10 and 15 are covered by given charges 8 and 9. Refused charge 13 is covered by given charges 7, 8, and 9. Refused charges 15 and 17 are covered by given charges 8 and 9.

[9] Charge 19 is faulty in requiring the state to make proof beyond all doubt; what is required is proof beyond a reasonable doubt.

[10] Charges 20, 24, 25, 26, 27, and 28 were properly refused. It was not incumbent upon the state to prove that the child was not dead when it was removed from the body of Minnie Bagwell. And charge 25 is not predicated on the evidence.

Charges 21, 22, and 29 were faulty. Aiding or abetting in the procuring of an abortion is a crime denounced by statute, and it is not necessary that the defendant should have himself actually "committed an abortion," or himself have "performed an abortion."

[11] Charge 23 was faulty. It called for an acquittal, if there was a reasonable doubt in the mind of any of the jurors. Goldsmith v. State, 105 Ala. 8, 16 South. 933; Pickens v. State, 115 Ala. 42, 22 South. 551.

Charges 30, 31, 33, and 34 were properly refused. They were not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179. Charge 32 is covered by given charges 13, 14, 15, 16, and 17.

[12] The statute upon which the prosecution was founded provides for a fine of "more than five hundred dollars and imprisonment in the penitentiary for not less than two nor more than five years." Acts 1911, p. 548.

The failure of a statute to fix a maximum fine does not render it unconstitutional. 16 Corpus Juris, p. 1359, par. 3202 (3); Palmer et al. v. State, 168 Ala. 124, 53 South. 283.

[13] The defendant was fined $500, and sentenced to imprisonment in the penitentiary for not less than two, nor more than three years. A defendant may not complain that the amount of the fine assessed against him was less than that prescribed by the act. An error in his favor is no cause for a reversal at his instance. Henry v. Smoot, Minor, 18; Dade v. Buchannon's Adm'r, Minor, 417; Ooton v. State, 5 Ala. 463; Covy v. State, 4 Port. 186.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

PER CURIAM. Reversed and, remanded on authority of Ex parte Dowdy, 210 Ala. 419, 98 South. 367.