(122 So. 460)

WILLIAMS v. STATE. (3 Div. 623.)

Court of Appeals of Alabama. Jan. 15, 1929.

Rehearing Denied Feb. 12, 1929.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Appellant was indicted, tried, and convicted for and of the offense of violating the terms of Act of the Legislature of Alabama approved Sept. 6, 1927 (Gen. Acts Ala. 1927, p. 704)—the act which makes it a felony to transport, within this state, five gallons or more of any prohibited liquor.

The appeal is on the record proper—there being no bill of exceptions—and the only question presented for our consideration is the action of the trial court in overruling appellant's demurrers to the indictment. All we have to say is that the indictment follows the "words of the statute," and this seems, under our decisions, to be all that is necessary.

Or, to put it in the language of Samford, J., in the opinion in the case of Oliver v. State, 16 Ala. App. 533, 79 So. 313: "In drawing indictments under a Statute, it is sufficient if the language of the Statute is substantially followed." And the learned judge cites, in support of the statement just quoted, the following cases: Wright v. State, 3 Ala. App. 140, 57 So. 1023; Campbell v. State, 4 Ala. App. 104, 58 So. 125; Jordan v. State, 5 Ala. App. 229, 59 So. 710; Gleason v. State, 6 Ala. App. 49, 60 So. 518; Sellers v. State, 7 Ala. App. 78, 61 So. 485; McLain v. State, 15 Ala. App. 24, 72 So. 511; Porter v. State, 15 Ala. App. 218, 72 So. 776; Brannon v. State, 16 Ala. App. 259, 76 So. 991. As holding to the same effect, we cite the additional cases of: Dowdy v. State, 19 Ala. App. 503, 98 So. 365, and Thomas v. State, 156 Ala. 166, 47 So. 257.

The demurrers were properly overruled, and, no error being apparent, the judgment appealed from is affirmed.

Affirmed.

Seal Finklestein, of Montgomery, for appellant.