(137 So. 465)

## BATES v. STATE.
### 7 Div. 785.

Court of Appeals of Alabama.
Aug. 4, 1931.

Rehearing Denied Oct. 6, 1931.

Cockrell & Riddle, of Talladega, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of violating what is popularly known as the "Bad Check Law," Code 1923, §§ 4158, 4159, and 4160, as amended by act approved August 20, 1927 (Gen. Acts Alabama 1927, pp. 286, 287.

█ The three Code sections mentioned as so amended constitute the whole of the law on the subject of "bad checks," now extant in our state, and are to be considered in pari materia.

The case originated in the county court.

Upon appeal to the circuit court the solicitor filed, as was his duty, a complaint, under which appellant was tried. Code 1923, § 3843.

█ This complaint followed "the language of the statute" (Code 1923, § 4158, as amended by act of 1927, supra), and was not subject to demurrer. Williams v. State, 23 Ala. App. 53, 122 So. 460, certiorari denied 219 Ala. 478, 122 So. 460.

█ But the three amended sections of the Code, above referred to, being due to be considered as noted, it was competent for the appellant to show, if he could, that he had sufficient credit with the bank upon which the check or draft was drawn to warrant its payment, this to offset, or rebut, the prima facie evidence of "intent to defraud" arising from the refusal of payment upon presentation. He did offer evidence tending to show this.

The part of the oral charge of the court to which exception was duly reserved, to wit: "Now on this proposition, gentlemen, in order that you may not be misled as I recall there was some statement made to you about credit in the bank. That has nothing to do with this case, whether or not a bank would honor or credit an overdraft check; that has nothing to do with this proposition. The only proposition is, as I stated to you, is whether or not the check was drawn that he had sufficient funds in the bank at that time, not whether or not the bank would honor the check when it got there if it was an overdraft or would over draw him, or whether or not he had a credit in the bank, not that, but whether or not there was funds sufficient to meet this check at the time he drew it and whether or not he knew that to be a fact and whether or not he did that with the intention to defraud," was therefore erroneous and prejudicial.

For the error in giving this portion of the oral charge, the judgment is reversed, and the cause remanded.

Reversed and remanded.